(Opinion published 55 N. W. Rep. 960.)

---

## STATE OF MINNESOTA *vs.* JAMES P. AHERN.

Argued June 15, 1893. Affirmed July 14, 1893.

**Error Held Harmless.**

In a criminal trial the attorney for the state, speaking to the jury upon a certain point, commented upon the fact that the defendant had not testified in his own behalf. This was error, but *held* harmless, for the reason that the evidence of defendant's guilt was conclusive and uncontradicted.

**Burden of Proof.**

In prosecutions for an unlicensed sale of intoxicating liquor the burden is on the defendant to show that he had a license.

**Immaterial Matter.**

The quantity of liquor sold is immaterial, if it be less than five gallons.

Appeal by defendant, James P. Ahern, from an order of the
District Court of Goodhue County, *W. C. Williston,* J., made Feb-
ruary 20, 1893, denying his motion to set aside a verdict of guilty
and grant him a new trial.

He was indicted for selling intoxicating liquor on August 9,
1892, at the Town of Goodhue in that county, without license, to
Otto Carlson, in quantity less than five gallons. He pleaded not
guilty. On the trial Carlson testified that defendant kept a "blind
pig," and that on the day named he bought of defendant at this
place a half pint of brandy. Defendant did not testify on the trial.
The County Attorney in his closing address to the jury said to them:

"If the liquor sold was not brandy, as testified to by Carlson in
this case, it was an easy matter for defendant to take the stand
and refute the charge, but he did not do it."

To this remark the defendant then and there objected and duly
excepted. Being found guilty, he moved for a new trial. It was
denied, and he appeals.

*J. C. McClure* and *F. M. Wilson,* for appellant.

The burden of proving that the defendant was not licensed to
sell intoxicating liquors was on the State, but the court refused
to so charge the jury. It is true that courts in a majority of the
states of the Union have held otherwise in this class of cases, and
this court in two instances has given sanction to the rule; but the
doctrine is at variance with the rules of evidence in both civil and
criminal cases, and we venture to ask the court to again consider
the matter. We do not go into any argument of the question, but
submit it on what is said in *Mehan* v. *State,* 7 Wis. 670, and *Hepler*
v. *State,* 58 Wis. 46, and the authorities there cited.

The court should have set the verdict aside and granted a new
trial for the misconduct of the prosecuting attorney in alluding
to and commenting upon the neglect of the accused to testify. 1878
G. S. ch. 73, § 7.

The only means of correcting errors and abuses of this kind is
the granting of new trials. In the cases cited below new trials
were granted for improper remarks of the prosecuting attorney,
independent of any statute. *Mitchum* v. *State,* 11 Ga. 615; *Tucker*
v. *Henniker,* 41 N. H. 317; *Jenkins* v. *Ore Dressing Co.,* 65 N. C. 563;

*State* v. *Williams,* 65 N. C. 505; *Rolfe* v. *Inhabitants of Rumford,* 66 Me. 564; *Brownlee* v. *Hewitt,* 1 Mo. App. 360; *Thompson* v. *State,* 43 Tex. 268; *State* v. *Kring,* 1 Mo. App. 165; *State* v. *Smith,* 75 N. C. 306; *State* v. *Foley,* 45 N. H. 466; *Winter* v. *Sass,* 19 Kan. 556; *Farman* v. *Lauman,* 73 Ind. 568; *Fry* v. *Bennett,* 3 Bosw. (N. Y.) 220; *Brown* v. *Swineford,* 44 Wis. 282; *Coble* v. *Coble,* 79 N. C. 589; *Ormsby* v. *Johnson,* 1 B. Mon. 80; *Ferguson* v. *State,* 49 Ind. 33; *Yoe* v. *People,* 49 Ill. 410; *State* v. *Reilly,* 4 Mo. App. 392; *State* v. *Clouser,* 72 Iowa, 302; *Corning* v. *Woodin,* 46 Mich. 44; *Sasse* v. *State,* 68 Wis. 530; *Felix* v. *Scharnweber,* 119 Ill. 445; *Gallinger* v. *Lake Shore Traffic Co.,* 67 Wis. 529; *Henry* v. *Sioux City & P. R. Co.,* 70 Iowa, 233; *Little Rock & Ft. S. R. Co.* v. *Cavenesse,* 48 Ark. 106; *Brennan* v. *City of St. Louis,* 92 Mo. 482; *Willis* v. *Lowry,* 66 Tex. 540; *Chandler* v. *Thompson,* 30 Fed. Rep. 38; *Manning* v. *Bresnahan,* 63 Mich. 584; *Huckhold* v. *St. Louis, I. M. & S. Ry. Co.,* 90 Mo. 548.

*H. W. Childs,* Attorney General, and *George B. Edgerton,* his assistant, for the State.

In a prosecution for selling intoxicating liquors without a license, the burden of proving such license is upon the defendant. *State* v. *Schmail,* 25 Minn. 370; *State* v. *Pfeifer,* 26 Minn. 175; *State* v. *Bach,* 36 Minn. 234.

The County Attorney, in using the language he did, committed an error; but, inasmuch as he at once apologized to the court and to the jury for the use of the language, claiming that the same was inadvertently used, the error was cured. *People* v. *Hess,* 85 Mich. 128; *People* v. *Greenwall,* 115 N. Y. 520; *People* v. *Hopt,* 4 Utah, 247; *United States* v. *Kuntze,* 2 Idaho, 446; *Robinson* v. *State,* 82 Ga. 535; *Sutton* v. *Commonwealth,* 85 Va. 128.

This court has held that an improper remark made by counsel, not appearing to have been sanctioned by the court, is no ground for exception. *State* v. *Brown,* 12 Minn. 538, (Gil. 448;) *State* v. *Reid,* 39 Minn. 277.

DICKINSON, J. Upon the trial of an indictment for the sale of intoxicating liquor without a license, the county attorney commented upon the fact that the defendant had not testified in his own

behalf as to the kind of liquor sold. This is admitted on the part of the state to have been error. It was a violation of an express provision of the statute passed for the protection of defendants in criminal cases, and the error would have been fatal, under ordinary circumstances. No apology by counsel, nor charge by the court, could be deemed to have certainly averted the consequences which might naturally result, or to have cured the error. But it was harmless, in this case, from the fact that the evidence so conclusively showed the defendant's guilt that the jury could not have returned a verdict for the defendant without willfully disregarding their duty, and it is not to be supposed that they would have done that. The evidence on the part of the state was complete, positive, and uncontradicted, and nothing appears to raise a doubt as to its credibility. It is unreasonable to suppose that the result might have been different if counsel had not made the improper remark referred to.

It has been repeatedly ruled in this court that it is for the defendant, in this class of cases, to prove that he has a license. The burden is not on the state to prove the contrary.

The second requested instruction—that the state must prove the sale of one pint of liquor, "and no more"—was erroneous. The quantity was not material, if it was less than five gallons.

The third assignment of error is based upon a misconstruction of the plain meaning of the charge.

Order affirmed.

(Opinion published 55 N. W. Rep. 959.)