# STATE OF NORTH DAKOTA v. JOSEPH WINBAUER.

( 128 N. W. 679.)

**Intoxicating Liquors — Contempt Proceedings — Evidence — Copy of Revenue Stamp.**

1. In the trial of a criminal contempt proceeding for the violation of an injunctional order enjoining the maintenance of a liquor nuisance, the state, over the objection of defendant, was allowed to introduce in evidence a purported copy of a United States stamp for special tax certified to by the city auditor of Mandan.

*Held,* error for the reason that the statute (Laws 1897, chap. 189), under which a copy of such special tax stamp was filed with said officer, being unconstitutional (see North Dakota ex rel. Flaherty v. Hanson, 215 U. S. 515, 54 L. ed. 307, 30 Sup. Ct. Rep. 179), a copy thereof certified to by the city auditor was incompetent evidence for any purpose.

**Intoxicating Liquors — Admission of Evidence — Harmless Error — Testimony of Detectives.**

2. The admission of such exhibit, while error, was nonprejudicial for the reason that the fact of defendant's guilt was established by the direct, positive, and wholly uncontradicted testimony of three witnesses who were in no way impeached or their testimony in any manner discredited. The mere fact that these witnesses were each detectives, employed for the purpose of obtaining proof of violations of law, would not of itself be sufficient to warrant the court in disregarding their testimony.

**Intoxicating Liquors — Criminal Contempt — Taxation of Costs.**

3. Following the rule announced in State v. Heiser, 20 N. D. 357, 127 N. W. 72, *held,* that it is permissible to tax against a defendant found guilty of a criminal contempt the costs and disbursements incurred in prosecuting such contempt proceedings. In the absence of a contrary showing, this court will presume that such costs were not arbitrarily, but on the contrary that they were properly, taxed. The record fails to disclose what particular items of costs and disbursements were incurred, hence this court is without the necessary information to enable it to review the action of the trial court in taxing such costs.

Opinion filed November 19, 1910.

Appeal from District Court, Morton county; *W. C. Crawford, J.*

Note.—As to question whether proceeding for contempt for violation of an injunction is civil or criminal, see note in 13 L.R.A.(N.S.) 591.

Appellant was convicted of a criminal contempt in violating an injunctional order enjoining the maintenance of a liquor nuisance. From a judgment of conviction he appeals.

Affirmed.

*Tufton & Williams* (*Newton & Dullam* of counsel) for appellant.

*Andrew Miller,* Attorney General, *J. M. Hanley,* State's Attorney, *Alfred Zuger, C. L. Young, F. C. Heffron,* Assistant Attorney Generals, for respondent.

FISK, J. Appellant was found guilty of contempt of court, and, in addition to imprisonment in the county jail, he was adjudged to pay a fine of $300, and the costs and disbursements taxed at $200. From the judgment thus rendered he has appealed to this court.

But two grounds are urged by appellant's counsel for a reversal. First, it is contended that it was prejudicial error to admit in evidence exhibit "A," purporting to be a copy of a United States stamp for special tax certified to by the city auditor of Mandan; and, second, that it was error to tax against appellant the costs and disbursements as aforesaid.

That exhibit "A" was improperly admitted is, we think, too obvious for discussion. Several reasons might be given why such exhibit was incompetent, but it is sufficient to mention one which is that the statute (Laws 1897, chap. 189) under which a copy thereof was filed in the office of such city auditor is unconstitutional. North Dakota ex rel. Flaherty v. Hanson, 215 U. S. 515, 54 L. ed. 307, 30 Sup. Ct. Rep. 179. It therefore follows that such copy was not an official record in the city auditor's office, and consequently a certified copy thereof is not competent evidence of anything.

It is equally clear, however, that the admission of such exhibit was nonprejudicial. Even if admissible, the only effect that such exhibit could have had in proving the state's case was that of creating merely a prima facie presumption of defendant's guilt. But the record disclosed that it was wholly unnecessary for the state to rely upon such presumption, as direct and positive, proof was furnished by the testimony of three witnesses, wholly uncontradicted, showing the fact of his guilt. In the face of this showing, we are justified in assuming that if such exhibit had not been received in evidence the result must

have been the same. Such witnesses were in no way impeached, nor their testimony in any manner discredited. The mere fact that they were each employed detectives would not be sufficient to warrant the court in disregarding their testimony. Dickinson v. Bentley, 80 Iowa, 482, 45 N. W. 903. See also 4 Enc. Ev. pp. 626–630 and cases cited.

Appellant's other contention is without merit. That it is permissible to tax the costs and disbursements against a defendant found guilty of contempt was expressly held by us in the recent case of State v. Heiser, 20 N. D. 357, 127 N. W. 72. We see no reason to depart from that holding. In addition to the authorities cited in   State v. Heiser, see Ex parte Whitmore, 9 Utah, 441, 35 Pac. 524; People ex rel. Garbutt v. Rochester & State Line R. Co. 76 N. Y. 294, affirming 14 Hun, 371. There are cases holding that in criminal contempts no costs can be imposed, but we think such decisions were controlled by statutes differing from those in force here.

The lower court having the power to tax the costs against appellant, we are unable to say, from the record, that it arbitrarily taxed them at the sum of $200, as contended by appellant. It must be presumed, in the absence of a contrary showing, that the trial court proceeded properly in the matter of taxing such costs. The record nowhere discloses what costs and disbursements were incurred in the contempt proceedings, nor what items were included in the total sum taxed. We are powerless, therefore, to review the action of the trial court in this particular.

The judgment appealed from is accordingly affirmed. All concur.