# STATE OF NORTH DAKOTA v. J. R. McKONE.

## (154 N. W. 256.)

**Intoxicating liquors — importing — for sale as a beverage — evidence — bills of lading — receipts — consignments — rulings of trial court.**

1. Appellant was convicted of the crime of importing intoxicating liquors for sale as a beverage, and he has appealed, assigning a large number of specifications of error relating to rulings in the admission of testimony. In the main, the testimony was of a documentary character, consisting of bills of lading and receipts showing, without dispute and beyond all doubt, numerous large consignments of liquors to appellant from points in Minnesota. It was also shown that appellant held both a retail and wholesale liquor dealers' license from the Federal government. Appellant's guilt was established beyond all question. In the light of the record it is held, for reasons stated in the opinion, that none of the rulings complained of, even if erroneous, were of a prejudicial character.

**Evidence — frequent large importations of liquors — criminal purpose.**

2. Evidence of frequent large importations of liquors by appellant on dates immediately prior to the date charged in the information was admissible as tending to show a criminal purpose as charged in importing the liquors on such date.

**Criminal cases — appeals in statutory rule — technical errors — substantial rights.**

3. The statutory rule that on appeals in criminal cases this court shall give judgment without regard to technical errors or defects or exceptions which do not affect the substantial rights of the parties is applied and enforced, it clearly appearing that none of the rulings complained of could have prejudicially affected the substantial rights of appellant.

**Evidence — railway company agent — bills of lading — figures and abbreviations — made in regular business — explaining meaning.**

4. The court did not err in permitting the witness McDonald, agent of the Northern Pacific Railway Company at Bismarck, to explain the meaning of certain figures, designations, abbreviations, and letters appearing on the bills of lading, and receipts for consignments to appellant aforesaid, it appearing that such notations were made in the regular course of business of such common carrier and unfamiliar to persons outside of the railway service.

**Evidence — certified copy of records — revenue collector.**

5. Following the rule announced in the recent case of State v. Kilmer, decided by this court, it is held that exhibit "A," consisting of a certified copy of the

records of the collector of internal revenue for the district of North and South Dakota, was competent evidence.

**Instructions — persons — receiving goods — paying freight — jury may infer that defendant imported goods.**

6. Among other things the jury was instructed in effect that a person to ·whom the goods were consigned and who pays the freight and receives the same may be deemed to have imported the same within the meaning of the statute against importations of liquors. Such instruction merely advised the jury that they *may* infer from such acts that the defendant imported the liquors and the same was clearly proper.

**Instructions — errors — specifications.**

7. The instructions when considered as a whole were substantially correct, and the specifications relating thereto are without merit.

Opinion filed September 17, 1915.

Appeal from the District Court of Burleigh County; *Nuessle,* J.

From a judgment convicting defendant of the crime of unlawfully importing intoxicating liquors for sale as a beverage, he appeals.

Affirmed.

*Hyland & Madden,* for appellant.

The general rule in respect to the proof of private documents and writings is that before they are admissible in evidence their execution must be proved. 2 Jones, Ev. ¶ 538; Linn v. Ross, 16 N. J. L. 55; Francis v. Hazlerig, 1 A. K. Marsh. 93; Dunlap v. Glidden, 31 Me. 510; Williams v. Keyser, 11 Fla. 234, 89 Am. Dec. 243; Stamper v. Griffin, 20 Ga. 312, 65 Am. Dec. 628; Equitable Endowment Asso. v. Fisher, 71 Md. 430, 18 Atl. 808; Baker v. Massengale, 83 Ga. 137, 10 S. E. 347; Robertson v. Du Bose, 76 Tex. 1, 13 S. W. 300.

Proof of some collateral offense is generally no proof of the offense charged. State v. Fallon, 2 N. D. 510, 52 N. W. 318.

An official can only certify as to the instrument being a correct copy of the original. The certificate in this case fails to so show. Sykes v. Beck, 12 N. D. 242, 96 N. W. 844.

An officer is not clothed with authority to determine that to which the record or document relates or pertains, or to pass judgment upon it, as to any matter. McQuire v. Sayward, 22 Me. 230.

Such officer cannot make his own statement of what he pleases to say appears by the record. What appears by the record and the record

itself must be made known to the court by a duly authenticated copy. English v. Sprague, 33 Me. 440; Jay v. East Livermore, 56 Me. 107; Greeno v. Durfee, 6 Cush. 363; Oakes v. Hill, 14 Pick. 448.

There is no law in this state permitting proof of foreign records, by certified copy. Our statutes relate only to domestic records. Miller v. Northern P. R. Co. 18 N. D. 19, 118 N. W. 344, 19 Ann. Cas. 1215.

Defendant is charged with having imported liquors into the city of B., for illegal sale or gift, and not with having caused the same to be done. Maples v. State, 130 Ala. 121, 30 So. 428; Campbell v. State, 79 Ala. 271; Morgan v. State, 81 Ala. 72, 1 So. 472; Dale v. State, 90 Ark. 579, 120 S. W. 389; Jones v. State, 100 Ga. 579, 28 S. E. 396; Reese v. Newnan, 120 Ga. 198, 47 S. E. 560; Johnson v. State, 63 Miss. 228; Rector v. State, — Tex. Crim. Rep. —, 90 S. W. 41; Crawford v. State, — Tex. Crim. Rep. —, 58 S. W. 1006; Anderson v. State, 32 Fla. 242, 13 So. 435; Chinn v. Com. 17 Ky. L. Rep. 1205, 33 S. W. 1117; State v. Johnson, 139 N. C. 640, 52 S. E. 273; State v. Mosier, 25 Conn. 40.

In cases where the keeping and maintaining of a common nuisance is involved, no one except the owner or keeper of such a place can be adjudged guilty of such offense. State v. Dahms, 29 N. D. 51, 149 N. W. 965; State v. Hall, 28 N. D. 649, 149 N. W. 970.

"In charging the jury the court shall only instruct as to the law of the case." The jury are the exclusive judges of the facts. Territory v. O'Hare, 1 N. D. 30, 44 N. W. 1003; State v. Barry, 11 N. D. 428, 92 N. W. 809; State v. Peltier, 21 N. D. 188, 129 N. W. 451.

The possession of a government permit to sell liquors is competent and sufficient to justify a verdict only if the jury are satisfied of defendant's guilt beyond a reasonable doubt. State v. Momberg, 14 N. D. 291, 103 N. W. 566; State v. Kelly, 22 N. D. 5, 132 N. W. 223, Ann. Cas.1913E, 974; State ex rel. Kelly v. Nelson, 13 N. D. 122, 99 N. W. 1077.

The finding of liquors on the premises by any person, other than an officer empowered to make investigation under search warrant, is no evidence of guilt. State ex rel. McClory v. McGruer, 9 N. D. 572, 84 N. W. 363.

The presumption of innocence, in matters of crime, is one of the

strongest presumptions known to the law, and the jury should have been so instructed in this case, because the evidence of guilt of defendant was almost wholly of the presumptive kind. Holtan v. Beck, 20 N. D. 5, 125 N. W 1048; Kadlec v. Pavik, 9 N. D. 278, 83 N. W. 5.

*H. J. Linde,* Attorney General, and *H. R. Berndt,* State's Attorney, for respondent.

The term "import" as used in our prohibition law means to bring in not only from a foreign state or country, but into the county, town, or city from outside their boundaries. Arkansas v. Kansas & T. Coal Co. 183 U. S. 185, 46 L. ed. 144, 22 Sup. Ct. Rep. 47; 21 Cyc. 1740.

A bill of lading is both a receipt and a contract of carriage, and as such is open to explanation. It is prima facie evidence of ownership of the property mentioned, in the consignee. Cunard S. S. Co. v. Kelley, 53 C. C. A. 310, 115 Fed. 678; Delta Bag Co. v. Kearns, 112 Ill. App. 269; Harrison v. Hixson, 4 Blackf. 226.

The instruction that the consignee so importing, receiving, and receipting for goods, may be deemed to have imported them, was entirely proper. White v. State, 153 Ind. 689, 54 N. E. 763; State v. Dahlquist, 17 N. D. 40, 115 N. W. 81; Com. v. Hildreth, 11 Gray, 327; 12 Cyc. 420; 6 Am. & Eng. Enc. Law, 570; Cliquot's Champagne, 3 Wall. 114, 18 L. ed. 116.

The word "tending," in its primary sense, means direction of course towards any object, effect, or result. White v. State, 153 Ind. 689, 54 N. E. 763; Webster's Int. Dict. 1484; 38 Cyc. 125, note 25; Hogue v. State, 93 Ark. 316, 124 S. W. 783, 130 S. W. 167.

In this case the state has never intended or undertaken to prove the commission of other like offenses by defendant. The other incidents, of the existence of which proof was offered, were only for the purpose of identifying or connecting up the defendant with the crime charged, and to show intent. State v. Sweizewski, 73 Kan. 733, 85 Pac. 800; Goode v. State, 50 Fla. 45, 39 So. 461; Ingram v. State, 84 Am. Dec. 782, and note, 39 Ala. 247; Com. v. Campbell, 7 Allen, 541, 83 Am. Dec. 705; State v. Dalquist, 17 N. D. 40, 115 N. W. 81; State v. Miller, 20 N. D. 509, 128 N. W. 1034.

In the trial of a person charged with maintaining and keeping a common nuisance, copies of the records of the office of the internal revenue collector for the proper district, even though taken by a person

other than the custodian of such records, are admissible as tending to show that the defendant is engaged in the business of retail liquor dealer. State v. Nippert, 74 Kan. 371, 86 Pac. 478; Com. v. Best, 180 Mass. 492, 62 N. E. 748; 6 Decen. Dig. 400 (3) u. 486, 489.

FISK, C. J. The appellant was convicted in the district court of Burleigh county of the crime of importing intoxicating liquors for sale as a beverage contrary to the provisions of § 9763 of the Revised Codes of 1905, Comp. Laws 1913, § 10600. From a judgment of conviction he has appealed, urging fifty-five specifications of error upon which he relies for a reversal.

Most of these specifications relate to rulings on defendant's objections to the admission of testimony and the refusals of the court to strike out answers to questions asked by the prosecution. A few relate to rulings admitting documentary evidence, and the remainder to the giving of certain instructions and the refusal to instruct as requested. The testimony in the main consists of documentary evidence in the form of bills of lading and receipts for payments of freight purporting to cover various shipments of liquors from points outside of this state to defendant at Bismarck. In addition thereto, the state introduced over defendant's objection exhibit "A," being a purported certified copy of the records of the collector of internal revenue at Aberdeen, South Dakota, showing the issuance to appellant of two receipts for special taxes for the business of wholesale and retail liquor dealer, the dates of payment being stated as June 14, 1913, and July 17, 1913, both taking effect from July 1, 1913.

The prosecution of necessity relied largely upon the receipts and bills of lading aforesaid and the inferences to be drawn therefrom. It therefore follows that the question as to the correctness of the court's rulings with reference to such exhibits is of vital importance and consequently deserving of serious consideration. With these observations we proceed to the consideration of such of the specifications of error as we deem worthy of notice.

Appellant's first specification is not argued, and is therefore deemed abandoned. The second specification challenges the correctness of the court's rulings on the following question asked the witness McDonald, agent of the Northern Pacific Railway Company at Bismarck, with

reference to exhibit 1: Q. "It shows the orginal signature of the party to whom the freight was delivered?" This exhibit purports on its face to be a receipt for freight consisting of twenty boxes of bottled liquor delivered November 17, 1913, by the Northern Pacific Railway Company to J. R. McKone as consignee. Standing alone such ruling might have constituted prejudicial error upon some of the grounds urged in the objection thereto, but such errors, if any, are clearly cured in the subsequent testimony of the witness McGattigan, who was assistant cashier of the Northern Pacific Railway Company at its freight house in Bismarck on the date of the transaction, and who positively identified defendant's signature thereon as genuine.

Appellant has grouped defendant's specifications, Nos. 1 to 22, both inclusive and Nos. 33 to 40, both inclusive, and argued them together. They relate in the main to the rulings of the court denying the objections of the defendant to the admission of testimony. We have carefully considered these specifications of error, but find them without substantial merit. They are too numerous to mention in detail. Some of them are not wholly without merit when considered without reference to other portions of the record; but in the light of the entire record we have no hesitancy in adjudging, as we do, that the defendant's rights were amply protected at all stages of the trial, and that he has no just cause for complaint. In fact, the learned trial court is to be commended for its eminently fair and impartial rulings throughout the trial. We feel safe in saying that any errors which may have been committed against the defendant were of a nonprejudicial nature. Our basis for this assertion may be summed up by stating that the undisputed evidence in the form of documentary proof consisting of bills of lading and receipts conclusively establishes defendant's guilt beyond all doubt. In the light of such evidence the jury could not do otherwise than find the defendant guilty as charged, for such evidence disclosed, without dispute, that on the date charged and for a considerable time prior thereto defendant received from points in the state of Minnesota, at very frequent periods, large consignments of beer and other intoxicating liquors, for which he receipted and paid the freight either personally or through his agents. These facts are established beyond cavil by witnesses and documentary proof of the most conclusive character. In view of the frequency of such shipments and the size of them, it would

be a mockery of justice to say either that defendant was not instru-
mental in directly causing such importations to be made, or that they
were made for legitimate purposes, for the record discloses that on
November 17, 1913, he received and receipted for 20 boxes of bottled
liquor; 1 barrel of bottled liquor consisting of 200 pints, 5 casks of beer
from the Minneapolis Brewing Company, and 5 casks of large bottled
beer from Jacob Schmidt Brewing Company, and four days prior thereto
he received and receipted for 5 casks of beer from the latter company.
In the month of October preceding, there was shipped to him at Bis-
marck and receipted for, 9 barrels of bulk whisky, 1 barrel of bottled
liquor, 1 barrel of brandy, and 40 casks of beer. The foregoing does
not embrace all the shipments disclosed by the proof, but they are suf-
ficient to show the magnitude of the illegitimate traffic in intoxicating
liquors conducted by the defendant. Further comment is uncalled for.

But appellant's counsel contends that proof of shipments received at
times other than November 17th, the date charged in the information,
was improperly received. We cannot sustain such contention, as such
shipments were clearly admissible as throwing light on the vital issue,
the proof of which rested on inference alone, as to defendant's purpose
in importing the liquors on the 17th. But conceding for the sake of the
argument that such testimony was inadmissible, its introduction was
nonprejudicial, as without it the verdict must have been the same. This
is, we think, a proper case for the application of the statutory rule which
requires this court on appeals in criminal cases to give judgment with-
out regard to technical errors or defects or exceptions which do not
affect the substantial rights of the parties. See § 11013, Comp. Laws
1913, also State v. Tolley, 23 N. D. 284, 136 N. W. 784. It is impos-
sible for anyone to entertain a doubt regarding defendant's illegal intent
in importing the large quantities of liquor on the date charged.

Nor do we think there is any merit in appellant's specifications chal-
lenging the rulings which permitted the witness McDonald to explain
the meaning of certain figures, designations, abbreviations, or letters
appearing on the exhibits aforesaid. These were notations made in the
regular course of business of the common carrier, and not familiar to
persons outside of the railway service, and it is elementary that they
were subject to explanation by those possessing expert knowledge thereof.

Error is sought to be predicated on the ruling permitting the intro-

duction of exhibit "A," a certified copy of the record of the collector of internal revenue for the district of North and South Dakota. All that need be said in answer thereto is that all the grounds here urged against such ruling were fully considered and disposed of contrary to appellant's contention in the case of State v. Kilmer, ante, 442, 153 N. W. 1089, just decided by this court. We may further add, however, that the only purpose of such testimony was to show defendant's intent in importing the liquors, and even if, for any reason, such ruling was error, it could not have been prejudicial, for without such testimony the verdict must have been the same.

Appellant complains of that portion of the instructions to the jury reading as follows: "And if the goods were shipped into the state of North Dakota, consigned to any person, who pays the freight thereon, and receives the same, he may be deemed to have imported the same within the meaning of that term." We see no error in such instruction. It, in effect, merely tells the jury that they may infer from such acts that defendant imported the liquors. They were not told that they *should* draw such inference. The instruction was clearly proper. White v. State, 153 Ind. 689, 54 N. E. 763. Moreover, the state of the proof was such that no other inference or conclusion was possible. It would be ridiculous as well as contrary to all human experience to say that all these large and numerous shipments of liquor could have been made to defendant without his knowledge and procurement.

We have considered all the specifications of error relating to the instructions, as well as all others, and we find no substantial merit therein. We are entirely convinced from the record that defendant was accorded a fair trial, free from errors of a substantial and prejudicial nature, and that the verdict was not only just and proper, but was the only verdict that the jury could have properly rendered. Entertaining these views, it is, under the statute above cited, our plain duty to affirm the judgment, and we accordingly do so.