## STATE OF NORTH DAKOTA v. WARD McCRILL.

### (162 N. W. 404.)

**Criminal action — keeping and maintaining common nuisance — Prohibition Law — evidence — search warrant — prejudicial error — defendant's guilt — positive evidence — jury — verdict.**

1. In a criminal action for keeping and maintaining a common nuisance contrary to the provisions of the Prohibition Law of this state, the improper admission in evidence of a certain search warrant under and by virtue of which the defendant's premises were searched is not prejudicial error where defendant's guilt is established by other positive, uncontradicted testimony to such a degree of certainty that the jury could not have returned a verdict for the defendant without wilfully disregarding its duty.

**Evidence — officer's return — search warrant — error — officer sworn and testifies — cross-examined — matters in his return.**

2. In such case the improper admission in evidence of the officer's return on such search warrant is not prejudicial error where the officer is placed upon the stand as a witness and examined and cross-examined fully with respect to the matters referred to in his return.

### Opinion filed March 31, 1917.

Appeal from the County Court of Ward County, *Murray, J.*

Defendant was convicted of keeping and maintaining a common nuisance, contrary to the provisions of the Prohibition Law, and appeals from the judgment of conviction and from the order denying a new trial.

Affirmed.

*Greenleaf, Wooledge, & Lesk,* for appellant.

The right to be confronted by witnesses is one of the most important safeguards accorded a defendant in a criminal action. It is a right guaranteed by the Constitution of the United States, as well as of many of the states. In fact, it is an elementary principle of criminal procedure that a violation or an invasion of that right is prejudicial error. 8 R. C. L. p. 86; Comp. Laws 1913, § 10393; Wray v. State, 154 Ala. 36, 15 L.R.A.(N.S.) 493, 129 Am. St. Rep. 23, 45 So. 697, 16 Ann. Cas. 362; Mattox v. United States, 156 U. S. 237, 39 L. ed. 409, 15 Sup. Ct. Rep. 337.

The primary object of the constitutional and statutory provisions in question was to prevent depositions or *ex parte* affidavits, such as were sometimes admitted in civil cases, being used against the prisoner in lieu of a personal examination and cross-examination of the witnesses. Mattox v. United States, supra; Ex parte Harkins, 6 Ala. 63, 41 Am. Dec. 38; State v. Hill, 2 Hill, L. 607, 27 Am. Dec. 406; 14 Enc. Ev. 580; People v. Sligh, 48 Mich. 54, 11 N. W. 782; Com. v. Zorambo, 205 Pa. 109, 54 Atl. 716, 13 Am. Crim. Rep. 392; 8 R. C. L. pp. 86, 1134; Dominges v. State, 7 Smedes & M. 475, 45 Am. Dec. 315; State v. Weil, 83 S. C. 478, 26 L.R.A.(N.S.) 461, 65 S. E. 634; Wray v. State, 129 Am. St. Rep. 30, note.

On a prosecution for having in possession intoxicating liquors with intent to sell, a warrant for the search of defendant's premises, issued and executed before the filing of the information, and the return thereto showing the finding and seizure of liquors on the defendant's premises, are not admissible as independent evidence. 7 Enc. Ev. 732; Nelson v. State, 53 Neb. 790, 74 N. W. 279; State v. Lang, 63 Me. 215; Com. v. McCue, 121 Mass. 358; State v. Stevens, 47 Me. 357.

"The officer's return on the warrant should be returned before the jury as exhibits of what is to be proved, but not as to any part of the proof itself to sustain the prosecution." State v. Howley, 65 Me. 100; 19 Enc. Pl. & Pr. 385; State v. Bartlett, 47 Me. 396; 5 Enc. Ev. p. 847, note 38; 2 Woollen & T. Intoxicating Liquors, § 953, p. 1662; State v. Collins, 28 R. I. 439, 67 Atl. 796; State v. Bradley, 96 Me. 121, 51 Atl. 816; Myers v. State, 52 Tex. Crim. Rep. 558, 108 S. W. 392; Weinandt v. State, 80 Neb. 161, 113 N. W. 1040; Rex v. McNutt, 11 Can. Crim. Cas. 26; State v. Costa, 78 Vt. 198, 62 Atl. 38; Hardesty v. United States, 91 C. C. A. 1, 164 Fed. 420; Taylor v. State, 5 Ga. App. 237, 62 S. E. 1048; Smith v. State, 3 Ga. App. 326, 59 S. E. 934; Com. v. Henderson, 140 Mass. 303, 5 N. E. 832; State v. Intoxicating Liquor, 82 Vt. 287, 73 Atl. 586; State v. Stevens, 47 Me. 357; Black, Intoxicating Liquors, 425; Nelson v. State, 53 Neb. 791, 74 N. W. 279.

*O. B. Herigstad,* State's Attorney, *Dorr Carroll* and *R. A. Nestos,* Assistant State's Attorneys, *Wm. Langer,* Attorney General, and *D. V. Brennan,* Assistant Attorney General, for respondent.

Where the verdict could not possibly have been other than guilty, the

admission in evidence of the sheriff's return on warrant and the exhibits was not prejudicial. Without these exhibits, the result must certainly have been the same. The other evidence was conclusively strong against defendant, and it must be presumed that the jury would have done its sworn duty. State v. Winbauer, 21 N. D. 70, 128 N. W. 679, Ann. Cas. 1913B, 564; State v. Ahern, 54 Minn. 195, 55 N. W. 959; Jackson v. People, 126 Ill. 139, 18 N. E. 290; Jennings v. People, 189 Ill. 320, 59 N. E. 515.

"If the competent evidence clearly justifies the verdict in a criminal case, the fact that incompetent evidence has been admitted will not cause a reversal, if it clearly appears that such incompetent testimony could not have affected the result of the trial." Barber v. People, 203 Ill. 543, 68 N. E. 93; Jones, Ev. p. 1152; State v. Woodruff, 47 Kan. 151, 27 Am. St. Rep. 285, 27 Pac. 842; Motes v. United States, 178 U. S. 458, 44 L. ed. 1150, 20 Sup. Ct. Rep. 993; Jennings v. People, 189 Ill. 320, 59 N. E. 515; Jackson v. People, 126 Ill. 139, 18 N. E. 286; Ochs v. People, 124 Ill. 399, 16 N. E. 662; Nelson v. State, 53 Neb. 791, 74 N. W. 279; Weinandt v. State, 80 Neb. 161, 113 N. W. 1041; McCabe v. State, 85 Neb. 278, 122 N. W. 893.

The testimony of hired detectives, standing uncontradicted and unimpeached, cannot be disregarded, but is entitled to consideration by the jury. State v. Winbauer, 21 N. D. 70, 128 N. W. 679, Ann. Cas. 1913B, 564.

CHRISTIANSON, J. The defendant was convicted in the county court of Ward county of the crime of keeping and maintaining a common nuisance, contrary to the provisions of the Prohibition Law of this state, and appeals from the judgment of conviction and the order denying his motion for a new trial.

Defendant was arrested upon a warrant of arrest issued by the county court on the 30th day of January, 1915, upon an information which had been filed in said court on that day. It appears that two search warrants were issued out of the court of John Lynch, justice of the peace, in and for said Ward county, on December 25th, 1914, and January 13, 1915, respectively, and that by virtue of such search warrants the chief of police of the city of Minot searched the premises involved in this controversy on December 25th, 1914, and January

13th, 1915, and on each of those dates returned such search warrants with indorsements thereon, showing that he had seized certain quantities of beer and whisky. At the trial of the present action these search warrants and the returns of the chief of police inclosed thereon were admitted in evidence over defendant's objection. And the sale question presented on this appeal is whether this ruling of the trial court constituted prejudicial error.

The first search warrant, omitting the formal parts, reads as follows:

In the name of the state of North Dakota, to any sheriff, constable, marshal, or policeman in the county of Ward, state of North Dakota.

Proof by affidavit having been this 25th day of December, 1914, made before me by Ole Kopang to the effect that intoxicating liquors are kept for sale, sold, bartered, and given away in a building situate upon the following-described premises; to-wit, lots 11 & 12, block 4, original town site of the city of Minot, Ward county, North Dakota, that there is probable cause for believing that Red McQuill, true name unknown, is conducting said business and making such unlawful sales.

You are therefore commanded, in the daytime (or at any time of the day or night), to make immediate search on the person of said Red McQuill and in the house situated upon said premises above described for the following property, intoxicating liquors, and if you find the same, or any part thereof, to bring it forthwith before me at my office, in the city of Minot, county of Ward, and state of North Dakota.

Dated at Minot, N. D. the 25th day of December, 1914.

John Lynch.
Justice of Peace in and for Ward County, N. D.

The second search warrant was in the same form, with the exception that it is dated January 13th, 1915, and recites "that proof by affidavit having been this 13th day of January, 1915, made before me by John Yule, to the effect," etc., and names the person to be searched as "Fred McQuill, true name unknown."

Appellant contends that the admission of these search warrants and the returns of the chief of police indorsed thereon constitutes prejudicial error, and requires a reversal of the judgment of convictions.

Respondent's counsel does not contend that these search warrants were admissible, but they assert that the error was nonprejudicial, and direct our attention to the evidence in the case. The record shows that the prosecution placed upon the stand the chief of police, who made the search under the search warrants, and he was examined and cross-examined fully, and his testimony discloses that he found upon the premises described in the search warrants and in his return the quantities of intoxicating liquors recited in his returns.

The record also contains the testimony of three witnesses who testified positively to the fact that they had purchased intoxicating liquor from the defendant or others in his presence, and seen other persons purchase intoxicating liquors from him and drink the same upon the premises involved herein. A deputy sheriff of Ward county and the chief of police of the city of Minot also gave testimony strongly tending to establish defendant's guilt. This testimony was wholly uncontradicted, as the defendant offered no evidence whatsoever.

The evidence on the part of the state (exclusive of the search warrants) so clearly established defendant's guilt that the jurors could not have returned a verdict in his favor, without wilfully disregarding their duties and violating their oaths as jurors. It is inconceivable that the admission of the search warrants could have affected the result in any manner. Consequently the error, if any, in their admission was harmless. State v. Winbauer, 21 N. D. 70, 128 N. W. 679, Ann. Cas. 1913B, 564; State v. McKone, 31 N. D. 547, 154 N. W. 256; State v. Ahern, 54 Minn. 195, 55 N. W. 959; Jennings v. People, 189 Ill. 320, 59 N. E. 515; State v. Pratt, 98 Mo. 482, 11 S. W. 977; Wells v. State, — Ark. —, 16 S. W. 577; Elliott v. State, 39 Tex. Crim. Rep. 242, 45 S. W. 711; Jones, Ev. §§ 896 et seq.; 4 C. J. p. 969, §§ 2952 et seq.

The judgment and order appealed from must be affirmed.

It is so ordered.


Robinson, J. (concurring specially).

I concur in the result only on the grounds that the evidence clearly shows the guilt of defendant. Were there any doubt, the admission of the search warrant as evidence should be held prejudicial error.