## STATE v. SAM H. RICHMAN.[1]

### July 18, 1919.

### No. 21,343.

**Grand larceny — charge to jury.**

1. The instructions to the jury in a prosecution for grand larceny to the effect that, if the jury found from the evidence that certain money taken from defendant at the time of his arrest was the identical money that had been stolen from complainant, they should consider with the other evidence in the case the failure of defendant to become a witness in his own behalf and explain away such possession, *held* a violation of section 8376, G. S. 1913, and prejudicial error.

[1]Reported in 173 N. W. 718.

**Same — unexplained possession of stolen property.**

2. The court may, in such case, state to the jury the general rule that the unexplained possession of stolen property is presumptive evidence that the person so in possession stole the same. but cannot, in the face of the statute, go farther and expressly direct the jury to consider the failure of defendant to take the witness stand in support of his defense and explain his possession of the stolen property.

Defendant was indicted by the grand jury of Blue Earth county charged with the crime of grand larceny in the second degree, tried in the district court for that county before Comstock, J., and a jury which returned a verdict of guilty as charged in the indictment. From an order denying his motion for a new trial, defendant appealed. Reversed.

*William J. Quinn* and *John Temple,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, and *Charles E. Phillips,* County Attorney, for respondent.

BROWN, C. J.

Defendant was convicted of the crime of grand larceny and appealed from an order denying a new trial.

The indictment charged defendant with stealing from complainant on the date therein stated the sum of $145, lawful money of the United States. The evidence tended to show that the money was taken from the person of complainant, and consisted in three twenty, five ten, and seven five dollars bills. It also tended to show that when arrested, some 24 hours after the theft had been committed, defendant had in his possession the sum of $145 in bills of the same denominations as those stolen from complainant, and which complainant identified on the trial as the stolen money; the identification being founded on the general appearance and the denomination of the several bills, all of which corresponded to the money complainant had lost. Defendant had, at the same time, other money in other pockets of his clothing, but not mingled with that in question. There was also evidence tending to show the manner in which the money was taken from complainant, and therefrom it appears that complainant was a passenger on a train arriving at Mankato, the place where the crime was committed, and as he

was leaving the train at that station some one, subsequently identified by complainant as defendant, jostled or violently pushed him against a seat in the aisle of the car where he was held momentarily, the intruder presently making his way to the rear of the car. The stolen money was at that time in a wallet and carried in the hip pants pocket of complainant, from whence the state claims it was then taken by defendant.

The defense interposed was an alibi, supported by the testimony of two or three witnesses. Defendant did not become a witness in his own behalf, thereby exercising a right conferred upon him by statute.

The court instructed the jury in substance that, if they found from the evidence beyond a reasonable doubt that the money taken from defendant at the time of his arrest was the identical money that had been stolen from complainant, "that fact, if such it be, shall be considered by you with all of the evidence in the case as tending to create a presumption which should be answered by the defendant," and, in that respect, that the jury should consider the failure of defendant to make an explanation of his possession of the stolen money. The court repeated the instructions at a later point in the charge, but in different language, saying that the jury should indulge in no presumptions against defendant because of his failure to testify in his own behalf, unless they believed from the evidence that the particular money was that which had been stolen from complainant, and that if they so found they might then consider the failure of defendant to explain away his possession of the money.

The instructions were properly excepted to on the motion for a new trial, and are here assigned as a violation of our statutes on the subject, and as prejudicial error for which a new trial should be granted. We think and so hold that the contention of defendant is well founded and must be sustained.

Our statute, G. S. 1913, § 8376, provides in substance that the failure of defendant in a criminal proceeding to take the witness stand and testify in support of his defense shall create no presumption against him, and that such failure shall not "be alluded to by the prosecuting attorney or by the court."

That the instructions of the court were in direct violation of the statute is clear. They were specific and to the point, and there is no room

for the suggestion of probable inadvertence on the part of the trial court. The effect of what the court in fact said to the jury was the same, though there was no intention expressly to draw the attention of the jury to the fact that defendant had not testified in support of his defense. The statute prohibits a reference to that fact by the trial court; it applies to all criminal prosecutions without exception, and a violation thereof is error though the result of inadvertence and mistake. State v. Pearce, 56 Minn. 226, 57 N. W. 652, 1065; State v. Holmes, 65 Minn. 230, 68 N. W. 11; State v. Stoffels, 89 Minn. 205, 94 N. W. 675. The error is conceded by the learned trial judge, and also by the attorney general, but it is contended that no prejudice resulted therefrom, for the reason that the evidence is practically conclusive of defendant's guilt, citing State v. Ahern, 54 Minn. 195, 55 N. W. 959, and State v. Nelson, 91 Minn. 143, 97 N. W. 652. In that view of the evidence a majority of the court are unable to concur. It is amply sufficient to sustain a conviction, but not so far conclusive as to render an error of this character harmless.

From what has been said we are not to be understood as holding that the court in a prosecution of the kind, and upon facts like those here presented, may not state to the jury the general rule that the unexplained possession of property shown to have been recently stolen, and with the theft of which defendant on trial is charged, is prima facie evidence that he stole it, and sufficient to take the issue of his guilt or innocence to the jury. The trial court may give that instruction. But to go further and make direct and specific reference to the failure of defendant to become a witness and explain the lawfulness of his possession, and say to the jury that they may consider his failure to testify in his own behalf, will constitute a violation of the statute and be reversible error, except, as in State v. Ahern, 54 Minn. 195, 55 N. W. 959, where the evidence of guilt is practically conclusive. Such is not the state of the evidence in the case at bar.

Order reversed.