## THE PEOPLE v. MONTEJO.

AN indictment charging that defendant "feloniously, willfully and for his own gain did buy and receive" a certain stolen mule, does not charge two offenses; the addition of the word "received," though not necessary, does not make the offense less than or different from buying the property stolen.

Article 1443 of the Criminal Practice Act, (Wood's Dig. 278) providing that "if when the offense is committed the defendant be out of the State, the indictment may be found within the term limited after his coming within the State, and no time during which the defendant is not an inhabitant of, or usually resident within the State, shall be a part of the limitation," includes the case of a defendant leaving the State after the commission of the crime, as well as the case of his absence from the State at the time of its perpetration, and applies to all offenses.

The indictment in this case sufficiently avers the matter of exception to the operation of the statute.

APPEAL from the Court of Sessions of Siskiyou.

The indictment, found Jan. 11th, 1861, runs thus: " José Marie Montejo is accused by the grand jury," etc., " of the crime of felony, committed as follows : The said José Marie Montejo on or about the twenty-second day of October, 1856, in the county of Siskiyou aforesaid, one mouse-colored mule of the value," etc., the property of A, " before then feloniously and willfully stolen, taken and led away, feloniously, willfully and for his own gain, did buy and receive," etc., then continuing as stated in the opinion of the Court.

Defendant demurred to the indictment on the grounds : 1st, that it charged two offenses—one for buying stolen goods, and the other for receiving stolen goods ; 2d, that it contains an allegation that the offense charged was perpetrated on the twenty-second of October, A. D. 1856, more than three years from the finding of this indictment on the eleventh day of January, 1861, and hence the prosecution of the same is barred by the provision of the act limiting the time of the finding of the indictment in such cases ; that the indictment does not charge the time when the defendant absented himself from the State after the twenty-second day of October, 1856, or when he returned ; that the indictment does not show that for three years next succeeding the twenty-second day of Oc-

tober, 1856, the defendant was not an inhabitant of, or usually resident within the State of California.

Overruled. Plea, not guilty. Verdict, " guilty." Judgment accordingly. Defendant appeals.

*Fair & Buckner*, for Appellant, cited Wood's Dig. 337, sec. 63 ; Id. 278, sec. 96 ; Id. 330, sec. 17 ; Id. 288, sec. 234 ; Whar. Cr. Laws, *a* 1878, *a* 437, *a* 438, *a* 439 ; *Slate* v. *Hurrill*, 5 Humph. ; *United States* v. *Willberger*, 5 Wheat. 76 ; 4th Curtis, 575 ; *People* v. *Miller*, 12 Cal. 291.

*Thos. H. Williams, Attorney General*, for Respondent.

I.   The indictment does not charge two offenses. (*People* v. *Beatty*, 14 Cal. 560.)

II.   The indictment brings the case within the exceptions contained in section ninety-nine of the Act of Limitations.   (Wood's Dig. 278 ; *People* v. *Miller*, 12 Cal. 291.)

Even if the indictment does not in language follow strictly the provisions of the act referred to, still the defendant cannot be benefitted by it, for the reason that instead of being against him, the language of the indictment is more favorable to him than that of the law.   The statute exemption is, " not an inhabitant of, or usually resident within the State," &c., while that of the indictment is, " was not an inhabitant of, or a resident within the said State," &c., leaving the word *usually* out.   Under the law, he might have been occasionally within the State, and still subject to the effects of the exemption, while the indictment placed the prosecution in the position (if followed strictly) of being compelled to show that he was not at any time during the period mentioned, within the State.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

We think that the judgment in this case should be affirmed.

The first assignment is not well made.   The indictment does not charge two offenses, but only one—the addition of the word received to the word buy, applied to the same subject and act, though not absolutely necessary, does not make the offense less or different than the buying of the article stolen.

The indictment, which was for receiving stolen goods, avers that the defendant, " after the said twenty-second October, 1856, and after he had feloniously and willfully bought and received the said mule, and before the finding of this indictment, did absent himself from the State of California aforesaid ; and, for the space of time of two years and four months after the said twenty-second October, 1856, and after he had feloniously and willfully bought and received the said mule, and before the finding of this indictment, he, the said Montejo, was not an inhabitant of or a resident within the said State of California."    Art. 1443 of the Criminal Practice Act, (Wood's Dig. 278) provides, that " if, when the offense is committed, the defendant be out of the State, the indictment may be found within the term limited after his coming within the State, and no time during which the defendant is not an inhabitant of or usually resident within the State, shall be a part of the limitation." We think it clear that this provision as well includes the case of the defendant leaving the State after the commission of the crime as the case of his absence at the time of its perpetration, and that it applies to all offenses.    We think the indictment in the clause quoted sufficiently avers the matter of exception to the operation of the Statute of Limitations.

Judgment affirmed.