THE STATE OF FLORIDA *ex rel.* J. D. MYERS, *Plaintiff in Error,* v. LOUIS A. ALLEN, SHERIFF OF DADE COUNTY, FLORIDA, *Defendant in Error.*

## Opinion Filed May 19, 1922.

1. In extradition proceedings it is not imperative that the affidavit charging the offense shall show on its face that it was made before a magistrate, but the Governor must have proof of that fact before him, and when extradition is resisted, the fact that the affidavit was made before a magistrate may be shown by the sheriff's return on *habeas corpus* proceedings.

2. The designation, "Magistrate," includes city judge and *ex officio* justice of the peace.

3. The sufficiency of a complaint is not to be tested in *habeas corpus* proceedings by the law governing criminal prosecutions in the State from which a fugitive from justice is sought to be extradited.

4. In determining if the affidavit on indictment charging a fugitive from justice with a crime is sufficient, it is only necessary to consider whether it shows satisfactorily that the fugitive has been in fact, however, inartificially, charged with crime in the State from which he has fled.

5. In determining if a petitioner in *habeas corpus* proceeding is a fugitive from justice the court may consider the statute of limitations of the demanding State, to establish the fact that he is not a fugitive from justice.

6. A person who is not subject to prosecution for crimes in the demanding State is not a fugitive from justice; and where there is no doubt of the applicability of the statute of limitations to the offense with which he is charged, he should be discharged on *habeas corpus* proceedings.

·7. Where statutes of limitations similar to that of the demanding State have been differently construed by the Supreme Appellate Courts of other states, and there has been no construction of the statute of limitations of the demanding State by its court of last resort, this court will not undertake to construe it but will leave to the demanding State the construction of its own statute.

.8 The identity of the person taken in custody with the person who is claimed as a fugitive from justice must be clearly established, and that the person arrested and the person named in the requisition are in fact one and the same individual.

9. Evidence adduced before the Circuit Judge who heard the application for discharge under *habeas corpus* proceedings examined, and found sufficient to establish the identity of the person held in custody with the person named in the requisition.

A Writ of Error to the Circuit Court for Dade County; H. Pierre Branning, Judge.

Judgment affirmed.

*James M. Carson* and *Worth W. Trammell,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, *J. B. Gaines,* Assistant, and *Fred T. Myers,* for Defendant in Error.

BROWNE, C. J.—A writ of *habeas corpus* was issued by this court and made returnable before tthe Hon. H. Pierre Branning, Judge of the Eleventh Judicial Circuit of Florida, who heard and determined the mattter on a motion to quash the return of the sheriff. The motion was denied, and the prisoner remanded to the custody of the sheriff of

Dade County. From this order writ of error was taken to this court.

Section 2, Article 4 of the constitution of the United States, provides:

"A person charged in any State with Treason, Felony, or other Crime who shall flee from Justice, and be found in another State, shall on demand of the Executive Authority of the State from which he fled, be delivered up to be removed to the State having jurisdiction of the Crime."

This provision of the constitution imposed a high and imperative duty upon the Chief Executive of the State to deliver up criminals fleeing from justice, for removal to the State from which they fled.

As was said in Appleyard v. Commonwealth of Massachusetts, 203 U. S. 222, 27 Sup. Ct. Rep. 122, "A faithful, vigorous enforcement of that stipulation is vital to the harmony and welfare of the States. And while a State should take care, within the limits of the law, that the rights of its people are protected against illegal action, the judicial authorities of the Union should equally take care that the provisions of the Constitution be not so narrowly interpreted as to enable offenders against the laws of a State to find permanent asylum in the territory of another State."

To carry out this provision of the constitution, Congress has enacted that:

"Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having

committed treason, felony or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, it shall be the duty of the executive authority of the State or Terriory to which such person has fled to cause him to be arrested and secured, and to cause notice of the arrest to be given to the executive authoriy making such demand, or to the agent of such authority appointed to receive the fugitive, and to cause the fugitive to be delivered to such agent when he shall appear.'' Section 5278, U. S. Rev. Stats. (2nd ed. 1878.)

The law of Florida makes it the duty of the Governor, ''when demand shall be made of him by the executive of any State or Territory of any fugitive from justice, in the manner prescribed by the Act of Congress approved 12th of February, 1793, shall cause said fugitive to be arrested and secured, either by making public proclamation or by issuing a warrant to that effect, as he may deem most expedient, under his hand and the seal of the State, directed to all and singular the sheriffs of this state, therein commanding them to arrest the fugitive therein named,'' etc. Sec. 6182 Rev. Gen. Stats. 1920.

The first question raised on the writ of error is that it does not appear in the warrant of extradition that the affidavit presented to the Governor of Florida by the Governor of the State of Utah was made before a magistrate.

The Act of Congress requires that the demanding authority must produce ''a copy of an indictment found or an affidavit made before a magistrate of any State or Territory,'' etc.

There is nothing to justify the contention that the affidavit must show on its face that it was made before a magis-

trate. The Governor, however, must have proof of that fact before him, and where the extradition is resisted, the fact that the affidavit was made before a magistrat may be shown by the sheriff in his return on *habeas corpus* proceedings.

The affidavit in this case was made before "a city judge and *ex officio* justice of the peace of the State of Utah."

A similar question was before this court in the case of Kurtz v. State, 22 Fla. 36, where this court said: "Counsel for Kurtz insists also that the Act of Congress, Sec. 5278, does not authorize the making of the original affidavit before an assistant police magistrate of a city. We are of the opinion that the designation of 'magistrate' in the act includes the officer before whom the affidavit was made.

"Rapalye and Lawrence's Law Dictionary defines 'magistrate' as meaning a judicial officer having a summary jurisdiction in matters of a criminal or quasi-criminal nature, and is commonly used in the United States to designate two classes of judicial officers, Justices of the Peace and Police Justices. An American Consul at a foreign port has been held to be a 'magistrate' within the meaning of an act which provides that deeds should be acknowledged 'before a Justice of the Peace, or before a Jutsice of the Peace or *magistrate* in some other of the United States of America or any other State or Kingdom in which the grantor may reside.' Seanlan *et ux* vs. Henry Wright, 13 Pick., 523."

It cannot be questioned, therefore, that the officer before whom the charge was made, was a magistrate, and that the Governor had sufficient proof of that fact before him when he issued his warrant of extradition.

The affidavit containing the charge against the petitioner, that was submitted to the Governor of Florida with the request from the Governor of Utah for his extradition, is attacked upon the grounds that it sets up facts which are wholly inconsistent with each other, in that it charges M. D. Joseph with three separate and distinct offenses, "Embezzlement," "obtaining money by false pretenses," and "Grand Larceny."

We cannot test the sufficiency of this complaint by the law of Florida governing criminal prosecutions. It may be that the law of Utah permits several different offenses of the same general nature to be charged in one indictment when the mode of trial and the nature of the punishment are the same. Such is the rule in Massachusetts, (Commonwealth v. Brown, 121 Mass. 69) and New Hampshire (State v. Clough, 71 N. H. 594, 53 Atl. Rep. 1086.)

The case of State v. Clough, *supra*, was taken to the Supreme Court of the United States, where this question was passed upon, and the court said: "If the indictment be for three distinct offenses (although of the same nature) set out in the three different counts, as is argued by the plaintiff in error, it will not be presumed that such an indictment is void under the laws of Massachusetts, and the question of procedure under the indictment is one for the courts of the State where it was found. The courts of that State would undoubtly protect her in the enjoyment of all her constitutional rights. These are matters for the trial court of the demanding State, and are not to be inquired of on this writ. If it appear that the indictment substantially charges an offense for which the person may be returned to the State for trial, it is enough for this proceeding." Munsey v. Clough, 196 U. S. 364, 25 Sup. Ct. Rep. 282.

VOL. 83, JANUARY TERM, 1922.        661

State ex rel. Myers v. Allen—Opinion of Court.

In Pierce v. Creecy, 210 U. S. 387, 28 Sup. Ct. Rep. 714, the court said: "Of course, such a test would be utterly inapplicable to cases of a charge of crime by affidavit, which was held to be within the Constitution. *In the Matter of, Strauss*, 197 U. S. 324. The only safe rule is to abandon entirely the standard to which the indictment must conform, judged as a criminal pleading, and consider only whether it shows satisfactorily that the fugitive has been in fact, however inartificially, charged with crime in the State from which he has fled. Roberts v. Reilly, 116 U. S. 80, 95; Pearce v. Texas, 155 U. S. 311, 313; Hyatt v. Corkran, 188 U. S. 691, 709; Munsey v. Clough, 196 U. S. 364. 372; Davise's Case, 122 Massachusetts, 324; State v. O'Connor, 38 Minnesota, 243; State v. Goss, 66 Minnesota, 291 · Matter of Voorhees, 32 N. J. L. 141; Ex parte Pearce, 32 Tex. Crim. 301; In re Van Sciever, 42 Nebraska, 772; State v. Clough, 71 N. H. 594."

It is contended by plaintiff in error that because a copy of certain statutes of the State of Utah are attached to the sheriffs return, which show that the offense is barred by the statute of limitations, that this court should consider, construe and apply the statute, and there can be no prosecution of the petitioner for the offense he is charged with having committed, that this court should not require him to be returned to the State of Utah, but should order his discharge from custody.

This raises a very close question. In Reed v. United States, 140 C. C. A. 64, 224 Fed. Rep. 378, it was held under the authority of Pierce v. Creecy, 210 U. S. 387, 28 Sup. Ct. Rep. 714, that "The question of whether the crime charged against a fugitive from justice is barred by the statute of limitations of the demanding State will not be determined by the court on habeas corpus for the discharge

of accused under extradition proceedings, and the question
will be left to the decision of the courts of the demanding
State." In Pierce v. Creecy, *supra*, cited as authority for
such holding, the court barely touched on this question.
What it said, was, "Let it be assumed, without decision,
that the false statements contained in the affidavit were
statements of opinion ; that the assignments of falsity were
bad, because no facts necessarily inconsistent with them
were alleged ; that the certainty required in criminal plead-
ing was not observed ; and that the time alleged antedates
the indictment by more than the period of the statute of
limitations. Nevertheless, the indictment alleges that on
a day named the petitioner deliberately and wilfully made,
under the sanction of an oath, legally administered, a
voluntary false statement and declaration in writing, to-wit,
the affidavit, and that the affidavit was not required by law
or made in the course of a judicial proceeding. The in-
dictment, whether good or bad, as a pleading, unmistak-
ably describes every element of the crime of false swearing,
as it is defined in the Texas Penal Code."

Against this rather vague language, there is the well
reasoned case from the U. S. Circuit Court of appeals for
the Fourth Circuit, of Bruce v. Raynor, 62 C. C. A. 501,
124 Fed. Rep. 481, where it was held that in determining
if a petitioner in habeas corpus proceeding is a fugitive
from justice the court may consider the statute of limi-
tations of the demanding State, to establish the fact that
he was not a fugitive from jusice.

The court said : "A fugitive from justice is one who,
having committed a crime within a state, either conceals
himself within the state or departs therefrom so that he
cannot be reached by ordinary process. Therefore, in
determining whether he be delivered on the demand of the

state in which he is charged with crime, it must appear not only that he was properly indicted; it must also appear that he was within the state when the crime charged was committed, and also that he had concealed himself, or had absconded, so that he could not be reached by ordinary process. Ex Parte Reggel, 114 U. S. 651, 652, 5 Sup. Ct. Rep. 1148, 29 L. Ed. 250. So it would seem that the question of fact is always open to inquiry. The mere requisition of the Governor of the demanding State **cannot be** accepted as conclusive of the facts, else the accused person may be remanded notwithstanding incontestable proof that he had never been within the state whose executive is demanding him. Ex parte Reggel, 114 U. S. 652, 5 Sup. Ct. Rep. 1148, 29 L. Ed. 250. It is clear, therefore, that this fact is open to proof and examination. Hyatt v. New York, 23 Sup. Ct. 456, 47 L. Ed. 657. And if one fact which constitutes the term 'fugitive from justice' can be inquired into, why should not the other facts, equally necessary, be also inquired into? * * * Now, we have seen that, to make one a fugitive from justice, it must appear, first, that he was within the state when the crime charged is alleged to have been committed; second, that, being amenable to criminal process, he either concealed himself, or avoided it so that he could not be served, or that he departed the state, and so avoided service. If, therefore, it could be shown that he did not conceal himself within the state during the period which he was menable to criminal process, this would be evidence tending to establish the fact that he was not a fugitive from justice. This testimony would not go to the sufficiency of the indictment, or to any manner of defense; it would be directed solely to the question whether he was a fugitive from justice—a question of fact. The court, as has been seen, can inquire whether the accused was within the state at the date of the alleged

crime, and pursuing its inquiry it can ascertain if, being within the State at that time, he remained within reach of its criminal process during the whole period for which such process could run. If this be established, then it could reasonably be concluded that he is not a fugitive from justice, and so not within the provisions of the Constitution or of the Act of Congress. It is not a question of pleading, presented to the court on the trial of the accused, as in United States v. Cook, 17 Wall. 168, 21 L. Ed. 538, but a question of fact to be disposed of before remanding the accused to the demanding state. He cannot be remanded unless he be a fugitive from justice.''

The offense with which the petitioner is charged was committed on March 16, 1914. The warrant of extradition was issued on March 9th, 1922.

A person who is not subject to prosecution for crime in the demanding State, is not a fugitive from justice; and where there is no doubt of the applicability of the statute of limitations to the offense with which he is charged, he should be discharged on *habeas corpus* proceedings.

In the case under consideration, however, an unusual situation is presented: The statutes of limitations of the State of Utah are as follows: ''*Felony other than murder, etc., four years.* For any felony other than murder, the embezzlement of public moneys, or the falsification of public records, an indictment must be found or an information filed within four years after its commission.'' Sec. 8666, Compiled Laws of Utah.

''*Time of defendant's absence no part of limitation.* If, when the offense is committed, the defendant is out of the State, the indictment may be found or an information filed within the term herein limited after his coming within the

State, and no time during which the defendant shall not be an inhabitant of, or usually resident within, the state, shall be part of the limitation.'' Sec. 8668, Compiled Laws of Utah.

It is strongly contended by the petitioner, and his contention seems sound, that the offense with which he is charged, is barred by the statute of limitations of the State of Utah.

This court, however, is confronted with this situation: California and Montana have similar statutes which have been construed by the courts of last resort in those States.

The statutes of California provide: ''*Limitation of three years in all other felonies.* An indictment for any other felony other than murder, the embezzlement of public money, or the falsification of public records, must be found, or an information filed within three years after its commission.'' Sec. 800, Penal Code of California.

''*Exception when defendant is out of the State.* If, when the offense is committed, the defendant is out of the state, the indictment may be found or an information filed within the term herein limited after his coming within the state, and no time during which the defendant is not an inhabitant of, or usually resident within this state, is part of the limitation.'' Sec. 802, Penal Code of California.

Notwithstanding the seemingly plain language of these statutes, the Supreme Court of California held: ''We think it clear that this provision as well includes the case of the defendant leaving the State after the commission of the crime as the case of his absence at the time of its perpetration, and that it applies to all offenses. We think the indictment in the clause quoted sufficiently avers the

matter of exception to the operation of the Statute of Limitations.'' People v. Montejo, 18 Cal. 38.

The Montana Supreme Court in construing substantially the same language in the Codified Statutes of that State, held: ''To what class of offenders, then, do the words quoted above from section 9029, 'and no time during which the defendant is not an inhabitant of, or usually resident within this State, is part of the limitation,' apply? If these words are to be given general application, so as to include one who was within the State at the time the offense was committed, but subsequently left the State, then the first part of section 9029 is meaningless; for these latter words would apply equally to one who was not within the state when the crime was committed. But the courts are not at liberty to thus construe, out of a statute as meaningless, provisions which appear perfectly plain. The general rule of interpretation is given in 6 Current Law, 1538, as follows: 'In order that the true meaning of the legislature may be determined and carried out, every word, phrase, term and provision of an Act must be considered, and none should be considered as unmeaning if a construction can be found which will give it effect.'

''We think that the concluding words of section 9029, quoted above, are to be read with reference to the subject treated in the section, and that they apply only to a defendant who was not within the state when the crime with which he is charged was committed, and that they do not have any reference to a defendant who commits a crime while within this state, and afterwards leaves the state.'' State v. Clemens, 40 Mont. 567, 107 Pac. Rep. 896.

In view of this conflict in the decisions of the only two courts that we have found where statutes similar to those

of Utah have been passed upon, we will leave to that state the construction of its own statute.

The writ of *habeas corpus* was sued out by J. D. Myers. The extradition warrant is for the removal of M. D. Joseph. The petitioner alleges that he is not M. D. Joseph.

When taken in custody under the warant of extradition he was living in Miami, Florida, where he was known as J. D. Myers.

It is contended that the identity of the petitioner has not been established, and he should be discharged

The identity of the person taken in custody with the person who is claimed as a fugitive from justice must be clearly established, and that the person arrested and the person named in the requisition are in fact one and the same individual. 11 R. C. L. 735; Johnston v. Riley, 13 Ga. 97.

At the hearing on the motion to quash the sheriff's return, two witnesses testified postively to the identity of the petitioner as M. D. Joseph, and no testimony to the contrary appears in the bill of exceptions.

We think his identity was clearly established.

The judgment is affirmed.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.