STATE, *ex rel.* JAMES HUSTON, v. WALTER R. CLARK, as Sheriff of Broward County.

163 So. 471.
Opinion Filed October 5, 1935.

*Roach & Hoyl,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for Defendant in Error.

TERRELL, J.—This writ of error is from a judgment in habeas corpus remanding the petitioner to the custody of the sheriff of Broward County. The writ of habeas corpus challenges the sufficiency of a requisition by the chief executive of the State of Ohio made on the chief executive of the State of Florida for delivery of the petitioner to the demanding State.

It is contended here that the affidavit on which plaintiff in error was charged with violating the law of Ohio and upon which the requisition was grounded is void and insufficient

on its face and fails to charge a crime against a petitioner, that petitioner was denied his constitutional right in not being permitted to prove that he had not committed a felony, that his arrest was illegal, and that the statute (Section 12672, General Code of Ohio) under which the affidavit was issued is void and of no force and effect.

The scope of inquiry in a proceeding of this kind is necessarily narrow. It is limited by the Federal Constitution and Act of Congress relating to extradition. In Chase v. State, 93 Fla. 963, 113 So. 103, we held that the Court might ascertain whether the prisoner is the person charged, and if so whether he is substantially charged with a crime against the law of the demanding state, whether he is a fugitive from justice, and whether the executive warrant of rendition shows that he was bodily in the demanding state at the time the offense was committed.

The court below apparently considered that the rendition warrant issued by the chief executive of this state made out a *prima facie* case and would not permit the petitioner to go behind it. The rendition warrant issued by the executive of the asylum state is not necessarily conclusive of the sufficiency of the affidavit or that a crime has been charged against the petitioner. Its sufficiency may be inquired into by habeas corpus and should be permitted when challenged for the purpose of determining whether or not the jurisdictional prerequisites essential to its issue were present. Robb v. Connolly, 111 U. S. 624, 4 Sup. Ct. 544, 28 L. Ed. 542; *Ex Parte* Hubbard, 201 N. C. 472, 160 S. E. 569; *In Re* Veasey, 196 N. C. 662, 146 S. E. 599; Kuney v. State, 88 Fla. 354, 102 So. 547; Chase v. State, 93 Fla. 963, 113 So. 103; Mitchell v. Stoutamire, 113 Fla. 822, 152 So. 629; State v. Chase, 91 Fla. 413, 107 So. 541; State

v. Taylor, 160 Tenn. 44, 22 S. W. (2nd) 223; Sec. 5278 U. S. Rev. Stat.

The affidavit on which the rendition warrant is predicated is as follows:

"THE STATE OF OHIO,
FRANKLIN COUNTY     ss     "THE MUNICIPAL COURT OF
CITY OF COLUMBUS,           THE CITY OF COLUMBUS.

"Charles Mustard being first duly cautioned and sworn, deposeth and saith that one James Russell, alias James Huston, on or about the 26th day of November A. D. 1934, at the City of Columbus, County of Franklin, and State of Ohio, did unlawfully possess about thirteen pounds of Marajuana then and there being contrary to statute in such cases made and provided, and against the peace and dignity of the State of Ohio, and further deponent says not.

"CHARLES MUSTARD.

"Sworn to and subscribed before me, this 28th day of November, A. D. 1934.

"HARRY B. LEMON,
*Clerk of the Municipal Court of*
*the City of Columbus,*
"By S. J. SCHLONSKY, D*eputy.*
"JOSEPH M. CLIFFORD,
*Judge, Municipal Court.*"

When the executive warrant of rendition is regular on its face and complies with the essential requirements of the congressional act it constitutes *prima facie* evidence of the facts therein stated and of the authority of the officer to arrest and detain the petitioner. As to the contents of the affidavit the same particularly is not required as is required in indictments.

The affidavit in the present case does not show on its face that it was duly authenticated by a magistrate of the State of Ohio as the law requires. It purports to charge a felony under Section 12672 General Code of Ohio, but states no essential of such a crime and is wholly insufficient under the Act of Congress. No indictment or information outlining the details of the crime is filed with it and it is insufficient in allegation to put petitioner on notice of any crime. It is in very general terms and is sworn to before "Harry B. Lemon, Clerk of the Municipal Court of the City of Columbus by S. J. Schlonsky, Deputy," signed by Charles Mustard under whose name is stamped Joseph M. Clifford, Judge Municipal Court.

The clerk of the municipal court is not a magistrate as contemplated by the federal law and there is no suggestion that he was clothed with magisterial power. The warrant accompanying the affidavit was addressed to the chief of police and there is no showing of state authority or that an offense against the state was committed. On the whole record it is not shown that petitioner was a fugitive from justice.

For these reasons the affidavit was insufficient. The judgment below is accordingly reversed with directions to discharge the petitioner.

Reversed.

WHITFIELD, C. J., and BROWN, BUFORD and DAVIS, J. J., concur.