Harrison S. Trent v. J. R. McLeod, as Sheriff of Hillsborough County.

179 So. 906.
Division A.
Opinion Filed March 2, 1938.
Rehearing Denied April 8, 1938.

*Edward Miraglia,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for Defendant in Error.

Buford, J.—The writ of error brings for review judgment remanding petitioner in habeas corpus proceedings to the custody of the Sheriff.

Petitioner was arrested under authority of a fugitive warrant issued pursuant to a warrant of rendition issued on June 7, 1937, by the Honorable Fred P. Cone, Governor of Florida.

The warrants allege that Trent is a fugitive from justice from the State of North Carolina to the State of Florida; that he fled from the State of North Carolina; that an affidavit was made before a North Carolina magistrate charging the said Trent with having committed in the State of North Carolina an offense against the laws of that State, to-wit: the crime of abandonment of wife and child.

In the case of State of Florida, *ex rel*. Stringer, v. Quigg, 91 Fla. 197, 107 Sou. 409, this Court discussed at length the principles applicable to habeas corpus proceedings in cases of this sort.   In that case we said:

"The power of the court or judge in such a proceeding in habeas corpus is necessarily limited, however, to a consideration of whether the prisoner in fact falls within the provisions of the Federal Statute; that is, whether he is subject to extradition, and whether the Federal Constitution and Laws have been complied with.   For example, the Court may ascertain whether the prisoner is the person charged and if so whether he is substantially charged with a crime against the laws of the demanding State (State v. Allen, 83 Fla. 655; 92 South. Rep. 155); whether he is a fugitive from justice, and whether the warrant shows that he was bodily in the demanding State at the time offense was committed."

There is nothing found in this record to show when the offense is alleged to have been committed in the State of North Carolina.   The documents presented to the Governor of Florida, and upon which he issued his warrant of rendition, do not appear in the record and, in the absence of a contrary showing, we must assume that the proceedings were regular and that the warrant of extradition was lawfully issued.

There is nothing in the record to show that the petitioner

was not in the demanding State at the time the offense is alleged to have been committed.

The courts of this State have no power to determine the guilt or innocence of the accused of an offense against the criminal laws of the demanding State. Kurtz v. State, 22 Fla. 36.

In this case the petitioner proffered to prove that he separated from his wife for a short time in the State of North Carolina; that thereafter they became reconciled and resumed cohabitation and moved to the State of Virginia; that after living in the State of Virginia for some time, and after making provision for his wife and child in the State of Virginia, he came to the State of Florida to find work; that his wife left the domicile which he had provided for her in the State of Virginia of her own accord and went to visit her sister in Washington, D. C. This is a matter of defense and, if facts sought to be introduced in evidence were admissible, the establishment of the same would go to the merits and show the petitioner not guilty of the offense alleged against him. This is an issue, however, which may not be determined on habeas corpus proceedings in this State.

In the condition of the record, we must assume that the Chief Executive did his duty; that the Executive Warrant of rendition is valid and sufficient and was properly issued. See Chase, Sheriff, v. State, *ex rel.* Burch, 93 Fla. 963, 113 Sou. 103.

So, the judgment must be affirmed.

It is so ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.