HORTON, Judge.
The appellant seeks reversal of an order •of discharge rendered in favor of the ap-pellee in a habeas corpus proceedings.
The appellee was arrested on a governor’s rendition warrant for extradition to the .State of Montana. Annexed to the demand ■of the Governor of Montana upon the Governor of Florida was an affidavit made "before a magistrate of the State of Montana by Lucille Sowerwine, dated October 11, 1963, in which the appellee was charged with the crime of enticing or taking away a child from the custody of the affiant, Lucille Sowerwine, on October 9, 1963.[1] After hearing upon the petition for habeas corpus, the circuit court entered its order of discharge, finding (1) that the executive rendition warrant was insufficient under the laws and Constitution of the United States, and (2) that the charge contained in the affidavit was fatally defective and did not substantially charge a crime.
The order of discharge further concluded that since the affidavit upon which the extradition was premised alleged that Lucille Sowerwine on October 11, 1963, has custody that it did not follow that she had custody on the date that it is charged the crime was committed, to-wit: October 9, 1963.
We have examined the affidavit upon which the extradition was premised and conclude that it substantially charges a crime under the applicable laws of the State of Montana and that the order of discharge should be reversed.
Whether Lucille Sowerwine actually had lawful custody of the child in question on October 9, 1963, is a matter about which the appellee can inquire more appropriately in the demanding state. The affidavit substantially charged the appellee with a crime against the laws of the State of Montana, although it may have been in-artfully drawn.[2] See State ex rel. Frady v. Allen, 83 Fla. 652, 92 So. 154, 157; Chase v. State, 93 Fla. 963, 113 So. 103, 107, 54 A.L.R. 271. The appellee also contends that two divorce decrees were rendered in *566 the State of Montana in favor of his ex-wife, Lucille Sowerwine, granting her custody of the minor child in question, hut that the same were premised upon service of process that was invalid and ineffective, thereby rendering the decrees invalid. This argument points toward the inevitable conclusion that if the decrees were invalid then the appellee, being the natural father of the child, could not be guilty of a crime under the Montana statute. This argument does not require any analysis by us for the simple reason that it is the type of argument which can and should be urged before the tribunal of the demanding state as a defense to the criminal action. It goes to the question of the guilt or innocence of the appellee rather than the sufficiency of the charge made in the affidavit. See Trent v. McLeod, 131 Fla. 617, 179 So. 906.
Concluding as we have that the order of discharge was premised upon an erroneous legal conclusion, the same should be and is hereby reversed with directions to remand the appellee to the custody of the appellant.
Reversed and remanded with directions.

. “ * * * at the comity of Lewis and Clark, in the State of Montana, wilfully, wrongfully, fraudulently and feloniously, lead, take and carry away a child under the age of twelve (12) years, to-wit: Avril Sowerwine, with the intent to detain and conceal such from its parent, Lucille Sowerwine, ?o7¡.o has lawful charge and custody of said child, in violation of Section 94-2603, R.C.M., 1947.” [Emphasis supplied] fraudulently lead, take or carry away or decoy or entice away any child under the age of twelve (12) years, with the intent to detain or conceal such child from its parent, guardian or other person having the lawful charge of such child, shall, upon conviction, be punished by imprisonment in the penitentiary not exceeding twenty years (20), or in a county jail not less than six (G) months, or a fine not less than five hundred dollars ($500).”

. Section 94-2603 R.C.M.1947. “Every person who shall maliciously, forcibly or