McCAIN, Judge.
Defendant appeals from an order of the trial court denying his motion to quash an executive rendition warrant issued upon demand of the State of Minnesota.
Defendant urges us to look to the affidavit or complaint upon which the warrant was issued to determine if the defendant was substantially charged with having committed a crime under the .laws of the demanding state.[1] We have. The defendant then challenges the sufficiency of the subject complaint. We disagree and therefore affirm the trial court.
A magistrate’s warrant for defendant’s arrest, charging receiving and concealing stolen property,[2] was issued upon a complainant’s affidavit alleging burglary of a men’s clothing store, the theft of a number of suits and coats therefrom, the sale of same by defendant to a purchaser, recovery thereof by the police department and identification of the clothing by the store owner. Knowledge gained through hearsay was specified and the sources identified. The magistrate’s warrant contained a finding that probable cause existed for its issuance.
The sufficiency of the warrant is questioned by only an attack on the affidavit, charging that it does not contain recitals justifying a finding of probable cause for commission of the alleged offense by defendant.
A prima facie case is made by the issuance of a rendition warrant in our state. This places the burden with the accused to overcome it by competent proof.[3] This does not mean a demanding state’s warrant is conclusive of the sufficiency of an affidavit upon which it was issued or that a crime has been charged against the accused. When questioned, the warrant’s sufficiency should be weighed.[4]
The defendant relies on State ex rel. Duhn v. Tahash, 1966, 275 Minn. 377, 147 N.W.2d 382, but this case is distinguishable from ours in two features: (1) the Tahash affidavit or complaint failed to show whether the complainant had any personal knowledge of the alleged crime and failed to show what the source of in *430 formation was, whether hearsay or otherwise, thereby not showing probable cause for issuance of the warrant, and (2) the complaint was executed before an improper person, i. e., a clerk rather than a magistrate.
The propriety of a warrant issued upon an affidavit based on hearsay has been established.[5]
Criteria exist that a magistrate is to make a neutral judgment on issuance of a warrant; that a complaint must provide the foundation for this judgment; that each factual allegation of the complaint need not be independently documented; that sufficient information is to be presented and recital of some of the underlying circumstances made to enable the magistrate to determine that the charge is not capricious and is supported; and that where reason for crediting the source of the information is given and where a magistrate has found probable cause the courts should not invalidate the warrant by interpreting the affidavit in a hypertech-nical, rather than a common sense manner.[6] Furthermore, the same particularity as to the contents of an affidavit to show probable cause is not required as is required to establish guilt.[7]
A common sense review of both the complaint and the demanding state’s warrant before us shows that the essentials of the alleged crime are stated with that degree of sufficiency to charge the defendant under the penal code of Minnesota.
The affidavit is also challenged on its sufficiency to establish the defendant’s knowledge that the clothing was stolen. Defendant has not cited any supporting authority, however, we find the State of Minnesota, as does the State of Florida, recognizes that the unexplained possession of stolen property constitutes a prima facie case and will support a conviction.[8]
Each case must be determined upon its own merits and in some cases it is not easy to determine whether the affidavits establish probable cause. Assuming this cause to fall within such category, nevertheless, affirmance is justified on the premise that such doubtful or marginal cases are to be largely resolved by preference accorded to the warrant.[9]
We also wish to point out defendant’s brief fails to relate the assignments of error to the points relied on for reversal. Our appellate rules in criminal appeals require specific assignments of error to be set forth following each statement of the point urged for reversal in the brief.[10] Substantial and reasonable conformity is expected and required.[11] Violation could result in this court exercising authority ex mero motu to require filing of an amended brief or in cases of flagrant *431 violation to dismiss the appeal.[12] We have been able to relate the assigned errors to the points involved, and exercise of this authority in this instance is not deemed warranted.
For reasons stated this cause is affirmed.
Affirmed.
WALDEN, C. J., and REED, J., concur.

. F.S. 941.03, F.S.A. “ * * * The indictment, information or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state * * * ”

. Minn.Stats.1965, Sec. 609.53. “Whoever intentionally receives or conceals stolen property may be sentenced * *

. State ex rel. Kimbro v. Starr, Fla.1953, 65 So.2d 67; Rion v. Purdy, Fla.App.1968, 212 So.2d 304.

. State ex rel. Huston v. Clark, Fla.1935, 121 Fla. 161, 163 So. 471.

. Jones v. United States, 1960, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697.

. Giordenello v. United States, 1958, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503; Aguilar v. State of Texas, 1964, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723; United States v. Ventresca, 1965, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684; and Jaben v. United States, 1965, 381 U.S. 214, 85 S.Ct. 1365, 14 L.Ed.2d 345 (reh. den. 382 U.S. 873, 86 S.Ct. 19, 15 L.Ed.2d 114).

. United States v. Ventresca, 1965, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684; State ex rel. Huston v. Clark, Fla.1935, 121 Fla. 161, 163 So. 471.

. State v. Jatal, 1922, 152 Minn. 262, 188 N.W. 284; State v. Richman, 1919, 143 Minn. 314, 173 N.W. 718; State v. Jacobs, 1961, 261 Minn. 194, 111 N.W.2d 520; State v. Anderson, 1962, 261 Minn. 431, 113 N.W.2d 4; State v. Young, Fla.1968, 217 So.2d 567; Romanello v. State, Fla.App.1964, 160 So.2d 529.

. Jones v. United States, 1960, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697.

. F.A.R. 6.11, subd. a and 3.7 subd. f (4), 32 F.S.A.

. Brooks v. Taylor, Fla.App.1965, 181 So.2d 190; Redditt v. State, Fla.1955, 84 So.2d 317.

. F.A.R. 6.1 and 3.17.