109 N.J. Super. 105 (1969)
262 A.2d 420
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
SAMUEL E. BYNES, JR., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 23, 1969.
Decided October 2, 1969.
*106 Before Judges KILKENNY, LABRECQUE and LEONARD.
Mr. John Anthony Lombardi, assigned counsel, argued the cause for appellant.
Mr. Arthur J. Timins, Assistant Prosecutor, argued the cause for respondent (Mr. Leo Kaplowitz, Union County Prosecutor, attorney).
PER CURIAM.
Defendant appeals from the trial court's denial of his application for post-conviction relief.
In 1963 defendant pleaded guilty to two charges of armed robbery and pleaded non vult to an indictment for murder. Thereafter, he was sentenced to long terms in State Prison.
Some years later he was called as a witness for the State in the prosecution of a participant in the same robbery which resulted in the murder. He refused to testify, was indicted for criminal contempt of court under N.J.S.A. *107 2A:85-1, and was tried and convicted. On July 29, 1966 he was sentenced to two to three years in State Prison, to be consecutive to his prior sentence.
Defendant seeks to have his 1963 plea and sentence vacated on the sole ground that N.J.S.A. 2A:113-3 (which permits a plea of non vult to an indictment for murder) and N.J.S.A. 2A:113-4 (which provides for the death penalty in murder convictions unless the jury recommends life imprisonment) are coercive as a matter of law and are therefore unconstitutional. He asserts that pursuant to these statutes the plea of non vult carries a maximum sentence of life imprisonment while a plea of not guilty with an accompanying jury trial exposes a defendant to a possible sentence of death. Thus, he argues that the non vult plea cannot be voluntary as a matter of law. This point lacks substance. State v. Forcella, 52 N.J. 263 (1968).
Defendant attacks his conviction for contempt on the ground that the provisions of N.J.S.A. 2A:85-1 are so vague and uncertain that this statute must be declared unconstitutional and void. This contention lacks merit.
N.J.S.A. 2A:85-1, in its pertinent part, makes "all other offenses of an indictable nature at common law, and not otherwise expressly provided for by statute," misdemeanors. It is clear that this statute has only two purposes. First, it preserves all indictable offenses at common law which were not made expressly a part of our statutory law. Secondly, it prescribes that these offenses shall be treated as misdeameanors. There is no doubt that contempt of court was a common law offense. In Re: Ruth M. Buehrer et al, 50 N.J. 501, 513 (1967), N.J. Dept. of Health v. Roselle, 34 N.J. 331, 340 (1961). Further the indictment upon which defendant was tried and convicted, charges that defendant did act "contemptuously against the Court, contrary to the provisions of N.J.S.A. 2A:85-1." Thus, defendant was made aware of the specific charge against him.
Judgment affirmed.