PER CURIAM.
The appellant was arrested in Dade County, Florida, on a fugitive warrant based on a charge of criminal contempt pending against him in the State of New Jersey. See Chapter 941 Fla.Stat., F.S.A. relating to extradition.
The appellant filed a petition for writ of habeas corpus in the circuit court of Dade County. Prior to hearing thereon an executive rendition warrant was issued by the Governor of Florida, for extradition of the appellant to New Jersey. After hearing, the circuit court entered a judgment of remand, and this appeal followed.
On consideration of the record, briefs and argument we hold the judgment of remand was correct. At the hearing in the habeas corpus proceeding in the circuit court, after issuance of the executive warrant of the Florida Governor for extradition, which was before the court, the scope of the inquiry on habeas corpus was limited, as held in State ex rel. Huston v. *557 Clark, 121 Fla. 161, 163 So. 471, where the Supreme Court said:
“The scope of inquiry in a proceeding of this kind is necessarily narrow. It is limited by the Federal Constitution (article 4, § 2, cl. 2) and Act of Congress relating to extradition (18 U.S.C.A. § 662). In Chase v. State, 93 Fla. 963, 113 So. 103, 54 A.L.R. 271, we held that the court might ascertain whether the prisoner is the person charged, and, if so, whether he is substantially charged with a crime against the law of the demanding state, whether he is a fugitive from justice, and whether the executive warrant of rendition shows that he was bodily in the demanding state at the time the offense was committed.”
Here the appellant contends he should have been discharged by the circuit court for lack of proof of identity and because the offense involved was not a crime under the law of the demanding state for which he could be extradited. We find those contentions are without merit.
The burden was on the accused to overcome by competent proof the prima facie case made by the executive rendition warrant. State ex rel. Kimbro v. Starr, Fla.1953, 65 So.2d 67. The accused presented no evidence in the trial court on the issue or question as to identity. On the contrary, the record includes a statement made by his attorney which tends to confirm the identity of the accused as the person so charged in New Jersey.
The offense of criminal contempt, the indictment for which in New Jersey was the basis of the extradition proceeding, was shown by affidavit of an assistant to the Attorney General of New Jersey to be a crime under the laws of that state. It was thus disclosed that by a statute there (N.J.S. 2A:85-1) criminal contempt is a misdemeanor punishable by a fine of not more than $1,000, or by imprisonment for not more than three years, or both. See, so holding, State v. Bynes, 109 N.J.Super. 105, 262 A.2d 420 (aff’d 55 N.J. 408, 262 A.2d 408).
In Gatewood v. Culbreath, Fla. 1950, 47 So.2d 725, the Supreme Court of Florida held that an offense which under the laws of a demanding state is a misdemeanor constitutes a crime for which extradition can be had, citing Ex parte Kentucky v. Dennison, 65 U.S. 66, 24 How. 66, 16 L.Ed. 717.
No reversible error having been made to appear, the judgment of remand entered by the circuit court is hereby affirmed.
Affirmed.