PER CURIAM.
This is an appeal from a final order of the trial court discharging appellee from the custody of the appellant. Appellee, who was the petitioner below, was held in the custody of the appellant, who was the respondent below, pursuant to a rendition warrant issued by the Governor of Florida. The rendition warrant was predicated upon a demand for extradition made by the Governor of Illinois for the surrender of the appellee as a fugitive from justice. The appellee filed a petition for writ of habeas corpus challenging the adequacy of the requisition papers from the State of Illinois. The writ was issued. At the hearing held before the trial court a final order of discharge was entered.
The contention made by appellee below, with which appellant takes issue, is that the complaint presented to the magistrate in Illinois was insufficient as a matter of law to support the issuance of an arrest warrant. The complaint or affidavit upon which the arrest warrant was predicated was executed under oath before the com *473 mitting magistrate on February 14, 1972, and charged:
. . that at or about the hour of 11:30 P.M. on or about the 12th day of Feb. 1972 in said County and State Robert Ebbole hereinafter called the defendant. committed the offense of Attempt (Rape) in violation of Section 8^t(a) of Chapter 38 of the Illinois Revised Statutes of said State, in this, to wit; that the said defendant a male person of the age of 14 years and upwards, with the intent to commit the offense of rape in violation of section ll-(a) [11 — 1 (a)] of Chapter 38 Illinois Revised Statutes, 1969, did perform a substantial step toward the commission of that offense in that he did knowingly pull down the slacks and under garments of Nancy L. Vincent, a female, not his wife, by force and against her will.”
F.S. Section 941.03, F.S.A., provides, in part, that the affidavit made before the committing magistrate “must substantially charge the person demanded with having committed the crime under the law of that state . . .”. In Chase v. State, 1927, 93 Fla. 963, 113 So. 103, 107, the Supreme Court of Florida, in discussing the sufficiency of an affidvit, observed:
“. . . In the case of State ex rel. Myers v. Allen, 83 Fla. 655, 92 So. 155, it was held, in line with the weight of authority, that it is only necessary to consider whether the indictment shows satisfactorily that the fugitive has been in factj however inartificially, charged with crime in the state from which he has fled. See, also, Munsey v. Clough, supra, [196 U.S. 364, 25 S.Ct. 282, 49 L.Ed. 515].” (Emphasis added.)
See also State ex rel. Dyer v. Wilson, Fla.App.1972, 260 So.2d 241; Buchanan v. State ex rel. Sowerwine, Fla.App.1965, 171 So.2d 564.
The affidavit or complaint in the case sub judice contains sufficient allegations of such nature as to substantially charge ap-pellee with a crime against the laws of the demanding state. Cossette v. State, Fla.App.1969, 221 So.2d 427. The appellee failed to carry the burden of overcoming by competent proof a prima facie case made by the rendition of the warrant. Cossette v. State, supra. Accordingly, the final order of discharge is vacated and set aside and the cause remanded to the trial court for further proceedings consistent with this opinion.
OWEN, C. J., and CROSS and MA-GER, JJ., concur.