342 So.2d 103 (1977)
The STATE of Florida, Petitioner,
v.
George R. DEVINE, Respondent.
No. 76-1043.
District Court of Appeal of Florida, Third District.
February 1, 1977.
Robert L. Shevin, Atty. Gen., Richard E. Gerstein, State Atty. and John H. Lipinski, Asst. State Atty., for petitioner.
S.L. Gaer, Miami, for respondent.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Petitioner, the State of Florida, by writ of certiorari seeks review of an order on habeas corpus in this extradition proceeding.
Pursuant to a Governor's rendition warrant, respondent-appellee, George Devine, was arrested as a fugitive from the State of California. Devine filed a writ of habeas to contest his extradition alleging that if he was returned, he would be denied due process of law in that California police officers have threatened and vowed to kill him or cause him great bodily harm upon his return because of their belief that he had blinded one of their fellow officers. A writ was issued and pursuant to the trial judge's request, Devine and the State of Florida filed written memoranda of law as to whether the above allegation was a proper ground to be argued in an extradition proceeding. After hearing argument of counsel, the trial judge on May 28, 1976 entered an order determining that the allegation of threats of bodily harm or death by California police is a ground which can be raised by habeas corpus in an extradition proceeding and set a hearing at which Devine *104 would be able to produce testimony with respect to his contention. The State of Florida filed a petition for writ of certiorari to challenge this order and we find merit in the State's petition.
The authority of a judge in a habeas corpus proceeding is limited to whether a crime has been charged in the demanding state, the fugitive in custody is the person charged, and the fugitive is in the demanding state at the time the alleged crime was committed. See State v. Quigg, 91 Fla. 197, 107 So. 409 (1926); State ex rel. Cocchiaro v. Purdy, 260 So.2d 556 (Fla. 3d DCA 1972) and cases cited therein.
Further, in such a proceeding the trial judge is prohibited from inquiry into the motives of the demanding state in seeking extradition and Devine must look to the California courts to guard his rights to due process and equal protection of the law with regards to his allegation that he will be killed or receive great bodily harm. See State v. Cox, 306 So.2d 156 (Fla. 2d DCA 1974) and Watson v. Montgomery, 431 F.2d 1083 (5th Cir.1970).
Accordingly, the order of May 28, 1976 is vacated and the cause remanded to the trial court for further proceedings not inconsistent herewith.
Certiorari granted.