381 So.2d 366 (1980)
Edward STACK, As Sheriff of Broward County, Florida, Appellant,
v.
STATE of Florida ex rel. Anthony John MORGAN, Appellee.
No. 78-2393.
District Court of Appeal of Florida, Fourth District.
March 26, 1980.
*367 Jim Smith, Atty. Gen., Tallahassee, and Benedict P. Kuehne, John Cecilian, and Max Rudmann, Asst. Attys. Gen., West Palm Beach, for appellant.
J. David Bogenschutz of Varon & Stahl, P.A., Hollywood, for appellee.
GLICKSTEIN, Judge.
This is a timely appeal from an order granting appellee's petition for writ of habeas corpus in an extradition proceeding wherein appellee was served with an executive rendition warrant based on a demand warrant issued from Massachusetts charging him with unlawful possession of a dangerous weapon; namely, a handgun. We reverse.
The trial court granted appellee's petition on the following findings of fact:
1. That the petitioner herein is charged with the violation of unlawful possession of a handgun pursuant to Chapter 269, Section 10 of the Massachusetts General Laws as amended and required under Chapter 649, Acts of 1974.
2. That in charging the said crime against the petitioner, knowledge is an essential element of said alleged crime and that the State of Massachusetts in its transmitted extradition papers failed to charge that the petitioner, "knowingly" carried or have in his possession a firearm in a vehicle [Commonwealth v. Bennefield (Sup.Jud.Ct.Mass. 1977), 367 N.E.2d 832].
3. That a rendition warrant's sufficiency as respects jurisdictional prerequisites *368 including the essentials of the crime charged against the accused may be inquired into by habeas corpus [State ex rel. Huston v. Clark (Fla. 1935) [121 Fla. 161], 163 So. 471] and that the Court needs sufficient information to establish the petitioner's knowledge of the criminal act in order that the essentials of the alleged crime are stated especially where the petitioner has cited authority that knowledge is, indeed, in the demanding state (Massachusetts) an essential element of the offense. [See also Cossette v. State, ([Fla.] 4[th] DCA 1969) 221 So.2d 427].
4. That the Court finds that the affidavits and transmitting papers from the State of Massachusetts requesting extradition are insufficient in their allegations and essentials to charge that the petitioner herein did commit a crime in the State of Massachusetts.
The role of the court in the asylum state is mandated by Michigan v. Doran, 439 U.S. 282, 99 S.Ct. 530, 535, 58 L.Ed.2d 521 (1978):
... Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive... .
The foregoing is consistent with Section 941.03, Florida Statutes (1977).[1]
In determining whether appellee was charged with a crime by the affidavit sworn before the committing magistrate in Massachusetts, the demanding state, the trial court erred in concluding that "knowledge" had to be alleged. The affidavit sworn before the committing magistrate in Massachusetts by trooper Stephen L. Gravelle, a Massachusetts state policeman:
... complains that Anthony J. Morgan of North Miami, State of Florida on the 14th day of September in the year of our Lord nineteen hundred and seventy-seven at Merrimac in said County, in that Anthony J. Morgan did then and there have under control in this motor vehicle, without authority, a dangerous weapon, to wit: a hand gun, Make RG, Model RG-31, Serial # 0061710, in violation of Chapter 269 Section 10 of the Mass. General Laws as amended and required under Chapter 649 Acts of 1974.
The charge against appellee in Massachusetts was an alleged violation of M.G.L.A. c. 269, § 10, which provides, in part, that it is unlawful for one to carry:
... on his person or under his control in a vehicle, a firearm, loaded or unloaded, as defined in section one hundred and twenty-one of chapter one hundred and forty... .
M.G.L.A. c. 140, § 121 defines "firearm" to include:
... a pistol, revolver or other weapon of any description loaded or unloaded, from which a shot or bullet can be discharged... .
In holding that it was unnecessary to allege "knowledge" in charging an accused *369 with a violation of the foregoing statute, the Supreme Judicial Court of Massachusetts in Commonwealth v. Bacon, Mass., 372 N.E.2d 780, 781 (1978), said:
The defendant filed a motion to dismiss the indictments, and a judge of the Superior Court reported the matter without decision, under the provisions of G.L.c. 278, § 30A, addressing to this court the question: "Must an indictment or complaint charging a violation of G.L.c. 269, § 10(a), specifically allege scienter, or is it sufficient that scienter be proved at trial?"

We conclude that it is not necessary that scienter (knowing possession) be alleged, and therefore the motion to dismiss the indictments must be denied. In upholding the constitutionality of the mandatory sentencing provisions of G.L.c. 269, § 10, we have interpreted the statute as requiring, as a necessary element of the offense, proof that the accused knew that he possessed the firearm. Commonwealth v. Albano, 373 Mass. 132, 365 N.E.2d 808 (1977). Commonwealth v. Jackson, 369 Mass. 904, 344 N.E.2d 166 (1976). In those cases we established no requirement that knowledge be alleged in a complaint or indictment, nor do we establish such a requirement now.
The wording of the statute, together with out interpretation in the Albano and Jackson cases, gave the defendant and all persons in like situations sufficient notice of the nature of the crime. Thus, it is significant that the indictments in this case tracked the statute. The indictments in addition to their assertions as to time and place of the offenses, described the firearms and alleged the unlawfulness of the conduct. This was sufficient notice to the defendant of the charges against him. It precluded double jeopardy occurring by reason of vagueness in the allegations. No specific form of indictment for violations of G.L.c. 269, § 10, is mandated in the gun statute itself, or elsewhere in the General Laws. (Emphasis added; footnotes omitted).
Accordingly, it is our conclusion that the affidavit charged appellee with a crime in Massachusetts.[2]
The second point requiring discussion addresses the language in paragraph 3 of the trial court's order, which appears to hold that the issue of probable cause should be considered by the court in the asylum state. Such is not the case.
When a neutral judicial officer of the demanding state has determined that probable cause exists, the courts of the asylum state are without power to review the determination. Doran, supra, 99 S.Ct. at 536.
We are concerned that our language in Cossette v. State, 221 So.2d 427, 430 (Fla. 4th DCA 1969), may have been interpreted by the trial court in paragraph 3 of its order to mean that the court in the asylum state is to determine the sufficiency of the affidavit by testimony and/or by review of the documents to see:
... that sufficient information is to be presented and recital of some of the underlying circumstances made to enable the magistrate to determine that the charge is not capricious and is supported; and that where reason for crediting the source of the information is given ...
Said language addresses the issue of probable cause, not whether the affidavit "substantially charge a crime under the laws of the demanding state." It is the latter only with which the asylum state is concerned. *370 State, ex rel. Dyer v. Wilson, 260 So.2d 241 (Fla. 4th DCA 1972).
To the extent that the foregoing language in Cossette or any other language therein suggests that the courts in Florida, as the asylum state, are to examine affidavits and hear testimony in extradition proceedings to determine if probable cause was established, we recede therefrom and reaffirm the simple test set down by Section 941.03, Florida Statutes (1977), requiring an affidavit to "substantially" charge a crime under the law of the demanding state.
The order granting appellee's petition for habeas corpus is reversed and the cause is remanded with directions to enter an order delivering appellee to the appropriate agent of the State of Massachusetts.
REVERSED AND REMANDED, with directions.
DOWNEY, C.J., and HURLEY, J., concur.
NOTES
[1] Section 941.03, Florida Statutes:

No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging, except in cases arising under s. 941.06, that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied by an authenticated copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of a warrant supported by an affidavit made before a committing magistrate of the demanding state; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation, or parole. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit, judgment of conviction, or sentence must be authenticated by the executive authority making the demand.
[2] In Stack v. State ex rel. Ebbole, 284 So.2d 472, 473 (Fla. 4th DCA 1973), we held:

... In Chase v. State, 1927, 93 Fla. 963, 113 So. 103, 107, the Supreme Court of Florida, in discussing the sufficiency of an affidavit, observed:
"... In the case of State ex rel. Myers v. Allen, 83 Fla. 655, 92 So. 155, it was held, in line with the weight of authority, that it is only necessary to consider whether the indictment shows satisfactorily that the fugitive has been in fact, however inartificially, charged with crime in the state from which he has fled. See, also, Munsey v. Clough, supra, [196 U.S. 364, 25 S.Ct. 282, 49 L.Ed. 515]." (Emphasis added.)
See also State ex rel. Huston v. Clark, 121 Fla. 161, 163 So. 471 (Fla. 1935).